424 A.2d 1266

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Craig RIDDICK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 13, 1980.

Decided Jan. 30, 1981.

Lawrence J. Brenner, Allentown, for appellant.

William H. Platt, Dist. Atty., Lehigh County, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On September 12, 1978, in the Court of Common Pleas of Lehigh County, the appellant, Craig Riddick, entered a plea of guilty to a charge of criminal homicide. The degree of guilt was set at murder of the third degree, and a sentence of six to fifteen years imprisonment was imposed. No direct appeal was taken. Contending that his plea was unlawfully induced and involuntary, appellant petitioned for relief under the Post Conviction Hearing Act.[1]  Counsel

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1979).

different from trial counsel was appointed, and, upon dismissal of the petition, the instant appeal ensued.[2]

The claim of a coerced and compelled plea is based upon an assertion that trial counsel induced the plea by (1) misrepresentation of a plea bargain proposed by the Commonwealth, (2) failure to adequately prepare for trial, and (3) failure to interview a material defense witness prior to trial. After a thorough review of the record of the PCHA hearing, it is evident that the issue is solely one of credibility: the testimony of appellant and of trial counsel stand in direct contradiction with respect to each assertion. The PCHA court, as trier of fact, resolved the credibility issue against the appellant, and, in view of the amply sufficient record supporting that determination, it is to be sustained. *Commonwealth v. Alston*, 473 Pa. 40, 373 A.2d 741 (1977).

Order affirmed.

2. The Commonwealth argues that appellant's contention was waived through failure to file a motion for withdrawal of the plea. Under the PCHA, since the issues of lawfulness of the guilty plea and ineffectiveness of trial counsel could have been raised on direct appeal, waiver is applicable unless the failure to appeal is justified by extraordinary circumstances. *Commonwealth v. Unger*, —— Pa. —— (filed October 31, 1980); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Ineffectiveness of appellate counsel can constitute extraordinary circumstances. The record establishes that appellant's source of advice regarding the feasibility of an appeal was trial counsel: hence, trial counsel would have been in the position of asserting his own ineffectiveness in order to raise appellant's claim that counsel improperly induced the guilty plea. In *Commonwealth v. Mabie*, 467 Pa. 464, 469–470, 359 A.2d 369, 372 (1976), where the issue was whether a PCHA petitioner received effective assistance of counsel prior to entering a guilty plea, this Court held:

"(W)here a PCHA petition alleges as grounds for relief that trial counsel, with whom the petitioner consulted concerning the feasibility of appeal, has been ineffective and where trial counsel has not taken a direct appeal on behalf of the petitioner, the question of whether trial counsel was ineffective has not been waived for the purposes of review in a PCHA proceeding." (Footnote omitted.)

Accordingly, appellant's contention has not been waived.