433 A.2d 856

**COMMONWEALTH of Pennsylvania**

v.

**Anthony WALLACE, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 21, 1981.

Decided July 8, 1981.

Reargument Denied Aug. 24, 1981.

Ronald A. White, Philadelphia, for appellant.

Robert B. Lawler, Maureen Brennen, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN, and WILKINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from denial, after a hearing, of relief under the Post Conviction Hearing Act.

Appellant, Anthony Wallace, was indicted on charges of murder, aggravated assault and simple assault (2 counts each), possession of an instrument of crime, criminal conspiracy, prohibited offensive weapons and violation of the Uniform Firearms Act in connection with the shooting death of Jesse Chalmers in Philadelphia, in June of 1975. Following plea negotiations appellant pleaded guilty, on October 22, 1975, to charges of murder generally, on certification by the District Attorney that the degree of guilt rose no higher than murder of the third degree, and two counts of aggravated assault, for which he was sentenced to 11½ to 25 years imprisonment. No post-verdict motions were filed, nor was an appeal taken.

Appellant raises three theories to support his claim that his guilty plea was induced by his counsel's ineffective assistance: (1) counsel's misrepresentation to appellant that he would be eligible for parole after serving one-third of his minimum sentence; (2) counsel's failure to conduct an independent investigation in preparation for trial and (3) counsel's failure to petition the court for transfer to juvenile court.

The claims will be addressed *seriatim.*

■ At the hearing on the petition, several members of appellant's family testified on appellant's behalf that they heard appellant's counsel tell appellant he would be eligible for parole after serving one-third of his minimum sentence. However, appellant's guilty plea counsel testified unequivocally, "I didn't tell him that." The lower court opinion states, "We are convinced that defendant's trial counsel testified in a straightforward and credible manner, and we find his testimony worthy of belief." The hearing court, as trier of fact, resolved the issue of credibility in favor of guilty plea counsel, and in view of the competent evidence in

the record to support the court's determination, that determination will not be disturbed on appeal. *Commonwealth v. Riddick,* 492 Pa. 430, 432, 424 A.2d 1266, 1267 (1981).

The PCHA court did not rule on either of appellant's other two allegations of counsel's ineffectiveness.

■ Appellant did not raise the claim of counsel's ineffectiveness for failing to conduct an independent investigation in his PCHA petition or amended petition, but raises it for the first time on this appeal. (The Commonwealth's brief indicates appellant may have addressed this issue for the first time in his memorandum to the lower court after the evidentiary hearing. However, that brief is not included in the record before us). The Commonwealth argues, correctly, therefore, that the claim has been waived. Claims of ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents the defendant. *Commonwealth v. Hubbard,* 472 Pa. 259, 277 n.6, 372 A.2d 687, 695 n. 6 (1977). Section 5 of the Post Conviction Hearing Act provides, *inter alia,* that a petition for relief under the Act must include all facts in support of the alleged error on which the petition is based. 19 P.S. § 1180–5(a)(1). This Court, will not address issues raised for the first time on appeal. *Commonwealth v. Zillgitt,* 489 Pa. 189, 192 n.3, 413 A.2d 1078, 1079 n.3 (1980).

■ Furthermore, appellant does not point to any specific harm he suffered as a result of his counsel's alleged failure to conduct an independent investigation. Failure to conduct a more intensive investigation in the absence of any indication that such investigation would develop more than was already known is simply not ineffectiveness. *Commonwealth v. Ford,* 491 Pa. 586, 592, 421 A.2d 1040, 1043 (1980).

Appellant's reliance on *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976) is misplaced precisely because *Mabie* demonstrated there were records and witnesses available to the defense, whereas in the case before us appellant has alleged no benefit that could have resulted from counsel's investigation.

■ As to appellant's final claim that counsel was ineffective for not petitioning for transfer to juvenile court because appellant was 17 years old when he was arrested, appellant does not claim that the petition would probably have been successful, and thus, again, does not demonstrate how failure to do the act harmed him. In *Commonwealth v. Pettus*, 492 Pa. 558, 562, 424 A.2d 1332, 1334 (1981), this Court held no juvenile has the right to such a transfer. Rather, the juvenile bears the burden of showing his or her need of and amenability to programs of rehabilitation, supervision and care provided by the juvenile court system. In *Pettus*, we specifically rejected any *per se* rule of ineffectiveness when counsel fails to petition for such transfers, and that decision is controlling.

Appellant has presented no claims for which relief should be granted.

The order of the lower court is, therefore, affirmed.

Affirmed.

ROBERTS, J., filed a dissenting opinion in which O'BRIEN, C. J., joins.

ROBERTS, Justice, dissenting.

For the reasons set forth in *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981) (Roberts, J., dissenting), I dissent. As was stated in *Pettus*, supra,

"[t]he juvenile system inherently confers substantial benefits:

'[J]udges in the juvenile courts do take a different view of their role than that taken by their counterparts in the criminal courts. * * *

[T]he juvenile system has available and utilizes much more fully various diagnostic and rehabilitative services. * * *

[T]he end result of a declaration of delinquency *is* significantly different from and less onerous than a finding of criminal guilt. * * *'

*Terry Appeal*, 438 Pa. 339, 348–49, 265 A.2d 350, 354–55 (1970), aff'd, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Further, contrary to the majority's assumption, the decision not to seek a transfer is not for counsel to make alone. Clearly the decision to forgo the substantial benefits conferred by the juvenile system is crucial and must be shared by the juvenile. See 42 Pa.C.S. § 6355(c) (transfer from juvenile to criminal court may be requested by 'child'); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to the Defense Function §§ 5.1, 5.2 (Approved Draft, 1971); Comment, Criminal Waiver: The Requirement of Personal Participation, Competence and Legitimate State Interest, 54 Calif.L.Rev. 1262 (1966)."

Id., 492 Pa. at 565, 424 A.2d at 1336. I would, therefore, remand the record for an evidentiary hearing "at which trial counsel may state his reasons for having chosen the course of action taken." *Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976).

O'BRIEN, C. J., joins this dissenting opinion.