464 A.2d 1363

**COMMONWEALTH of Pennsylvania**

v.

**Raymond A. VESAY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1983.

Filed Aug. 26, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

See also 287 Pa.Super. 618, 428 A.2d 269.

William R. Bunt, New Bloomfield, for appellant.

Charles J. Rehkamp, Jr., District Attorney, New Bloomfield, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

Presently before this Court is an appeal from an Order of the Court of Common Pleas of Perry County denying appellant the relief prayed for in his petition filed under the Post Conviction Hearing Act (P.C.H.A.).[1]

The appellant was initially charged with the offenses of theft by receiving stolen property,[2] conspiracy to commit burglary,[3] robbery,[4] unlawful carrying of firearms,[5] conspiracy to commit robbery,[6] and aggravated assault.[7] On September 20, 1978, pursuant to the terms of a negotiated plea, the appellant entered pleas of guilty to one count of theft by receiving stolen property, a third degree felony, and to one count of robbery, a first degree felony. The pleas were accepted by the Commonwealth in full satisfaction of all counts pending against the appellant. The Commonwealth recommended that concurrent sentences be imposed. After an extensive colloquy, the Court accepted the pleas but reserved specifically the power to sentence irrespective of this recommendation.

A pre-sentence investigation revealed 28 juvenile adjudications mostly for burglary and larceny. In addition, appellant, at the time of the offenses, was an escapee from Schuylkill County Prison and was also on parole from the State Correctional Institution at Camp Hill. On November 20, 1978, the Court of Common Pleas sentenced the appellant to eight to twenty years on the robbery charge and

1. Act of January 25, 1966, P.L. (1965) 1580, § 1; 19 P.S. §§ 1180–1 *et seq.*

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 3925.

3. *Id.;* § 903.

4. *Id.;* § 3701.

5. *Id.;* § 908.

6. *Id.;* § 903.

7. *Id.;* § 2702.

three and one-half to seven years on the theft by receiving charge, sentences to run concurrently.

The appellant filed a pro se motion for reconsideration and counsel filed a post-verdict motion claiming the sentences were unduly severe in light of the nature of the offenses, the circumstances surrounding the offenses, and the appellant's character and attitude. These motions were denied and dismissed by the Court on December 1, 1978.

On January 3, 1979, the appellant was granted leave to appeal to the Superior Court in forma pauperis. On appeal, the appellant challenged the propriety of the sentences imposed. The Superior Court, 287 Pa.Super. 618, 428 A.2d 269, affirmed the judgment of sentence on July 18, 1980. Thereafter, on April 23, 1981, the appellant filed a petition under P.C.H.A. seeking a new trial and/or a correction of sentence. Following à P.C.H.A. hearing, the Court of Common Pleas denied the appellant's petition except for appellant's right to file *nunc pro tunc* a petition for allowance of appeal to the Supreme Court.[8] The present appeal followed.

Appellant contends that the P.C.H.A. court erred in refusing to set aside his guilty plea or to lessen the severity of his sentence. He argues that he is entitled to collateral relief on three grounds: (1) that his plea was the result of an illegal confession and his counsel was ineffective in failing to move for its suppression; (2) that counsel was ineffective for failing to personally investigate the crime; and (3) that trial counsel was ineffective for leading the appellant to believe that he would receive a substantially lighter sentence than he actually received. A review of the record in light of appellant's claims indicates that they are without merit. We therefore affirm the P.C.H.A. court's denial of his petition.

---

**8.** We are not asked herein to review the granting of appellant's right to file *nunc pro tunc* a petition for allowance of appeal to the Supreme Court.

■ Appellant argues first that he should be permitted to withdraw his guilty plea because it was motivated by a constitutionally defective confession and his counsel was ineffective in failing to move for its suppression. Appellant claims that the confession and statements given to the two arresting officers were based on statements by the officers that he would "get off easier", he would receive a "light sentence", and that his brother Richard, who was in custody at the time for an unrelated offense, would receive favorable treatment if appellant pleaded guilty. After a thorough review of the record of the P.C.H.A. hearing, it is evident that this issue is solely one of credibility; the testimony of appellant and of the two arresting officers stand in direct contradiction. The P.C.H.A. court, as trier of fact, resolved the credibility issue against the appellant, and, in view of the amply sufficient record supporting that determination, it must be sustained. *Commonwealth v. Riddick*, 492 Pa. 430, 424 A.2d 1266 (1981); *Commonwealth v. Alston*, 473 Pa. 40, 373 A.2d 741 (1977).

■ As to appellant's contention that trial counsel was ineffective for failing to file a motion to suppress this confession, it has been well-established that counsel cannot be deemed ineffective for failing to advance frivolous issues; only when an abandoned claim is of arguable merit need we inquire into whether counsel had reasonable grounds for not pursuing it. *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980). The P.C.H.A. court found that even if counsel had filed a motion to suppress the evidence, it would have been highly unlikely the result would have been other than it was. At trial, evidence was presented in the form of a valid photographic identification of the appellant by an eyewitness, as well as strong circumstantial evidence in the form of possession of a large quantity of two-dollar bills, similar to the consecutively numbered two-dollar bills taken from the scene of the alleged crime. We cannot deem counsel ineffective for failing to file a fruitless motion to suppress.

■ Appellant next argues that he was ineffectively represented by counsel because his failure to investigate the alleged crimes in more detail demonstrated an unwillingness to actively pursue appellant's defense. The test for determining whether a defendant has been denied effective assistance of counsel is well settled. " [C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). The test for competency "is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record", but whether counsel's assessment of appellant's case and his advice were reasonable. *Commonwealth ex rel. Washington v. Maroney, Id.*, 427 Pa. at 604, 235 A.2d at 352–53. Furthermore, in order to be entitled to relief under a theory of ineffective assistance of counsel, it must appear that counsel's action or inaction was prejudicial to the defendant. *Commonwealth v. Gans*, 271 Pa.Super. 193, 412 A.2d 642 (1979).

■ We are unpersuaded that counsel's failure to personally investigate was unreasonable. Counsel was provided with police reports and statements of witnesses. Moreover, the appellant does not show that he was prejudiced by trial counsel's lack of personal investigation. Appellant does not reveal any additional information which trial counsel would have discovered had he conducted a personal investigation besides the appellant's lengthy criminal record. This is an insufficient basis upon which to find ineffective assistance of counsel.

Finally, appellant argues that he was ineffectively represented by counsel because his trial counsel allegedly persuaded him to plead guilty by promising appellant that he would receive a lesser sentence than the term he actually received. Our Supreme Court in *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978) has stated:

[a]ppellant's claims of ineffectiveness must be evaluated in the context of his guilty plea. Upon entry of a plea of guilty, all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court.... Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

482 Pa. at 640–41, 394 A.2d at 504–505. (Citations omitted).

Turning now to the merits of the appellant's claim, the issue presented is essentially an issue of credibility between the testimony of trial counsel and that of the appellant. The hearing court, as trier of fact, resolved the credibility issue in favor of the guilty plea counsel. It is hornbook law that we will not disturb findings of the hearing court on appeal when they are supported by the record. *Commonwealth v. Wallace*, 495 Pa. 295, 297–300, 433 A.2d 856, 858 (1981); *Commonwealth v. Abbruzzese*, 293 Pa.Super. 246, 250–252, 438 A.2d 977, 979 (1981). Instantly, the following excepted portions of the P.C.H.A. hearing record indicate that trial counsel testified that he never guaranteed appellant a lesser sentence.

[TRIAL COUNSEL]

I recall discussing with Mr. Vesay—because in one of his previous letters to me he seemed concerned about his sentence and wanted to know whether he could get two years in jail and fifty years parole, or in lieu of that he would like to have gotten off with a hundred years parole as a sentence on these things. I recall discussing sentence with Mr. Vesay. I didn't write this down but I told him that our Judge didn't have much of a track record on armed robbery that I was aware of because there just haven't been that many in his judicial district, but I was aware that about a year or so before three Philadelphia individuals had been involved in an armed robbery of a bank and one of them had gotten a four to twelve year

sentence, and another one of them had got a one and a half to five year sentence.

[PCHA COUNSEL FOR APPELLANT]

Q. So you told him that?

[TRIAL COUNSEL]

A. Yes. I also remember telling him, as I tell all my clients, that I do not make the final decision on what the sentence is.

[PCHA COUNSEL FOR APPELLANT]

Q. Did he ask you what you thought he would get?

[TRIAL COUNSEL]

A. I think he did and I think that's when I told him I really didn't have ... the only track record I knew that Judge Quigley had at that time was the four-to-ten for that one from Philadelphia, and one and a half to five for her accomplice.

[PCHA COUNSEL FOR APPELLANT]

Q. Was this before the plea?

[TRIAL COUNSEL]

A. I believe so. My conference with him, according to my notes, was prior to his tendering a plea.

P.C.H.A. Hearing Transcript 7/13/81, at 57–58.

Moreover, the appellant himself, in testifying as to what advice counsel gave him just prior to the entry of his guilty pleas, testified as follows:

[PCHA COUNSEL FOR APPELLANT]

.... Now what if any other reasons do you have concerning your sentence that you received?

[APPELLANT]

A. I didn't believe I was going to get as much time as I did.

[PCHA COUNSEL FOR APPELLANT]

Q. Did you have discussions with Mr. Walz about what your sentence would be?

[APPELLANT]

A. Right.

[PCHA COUNSEL FOR APPELLANT]

Q. What were those discussions?

[APPELLANT]

A. ... In my mind, okay, in my mind he put a ... he let me know ... I said, you know, if I plead guilty, you know, like I said what chances, what time will I be getting, right? And he says you have a good chance of getting like two and a half to five years. You know. And he said it's always possible that you get, you know, a little more. But he said don't forget, always keep it in mind that the maximum is ten to twenty, but he says two and a half to five looks good.

P.C.H.A. Hearing Transcript 7/13/81, at 13–14. Therefore, because the record supports the hearing court's determination that trial counsel did not persuade appellant to plead guilty by promising a lesser sentence, we will not disturb that determination on appeal. *Commonwealth v. Wallace, supra.*

▮▮▮ Additionally, we note that a criminal defendant who elects to plead guilty has a duty to answer questions truthfully. *Commonwealth v. Brown,* 242 Pa.Super. 240, 247, 363 A.2d 1249, 1253 (1976). In the instant case, an extensive colloquy was conducted in which the sentencing judge clearly explained the possible severity of the sentences which the defendant could receive. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the promises of counsel. Appellant hoped and possibly expected to receive concurrent sentences of only two to five years, but, as has often been stated, disappointed expectations alone do not vitiate guilty pleas. *Commonwealth v. Sanutti,* 454 Pa. 344, 312 A.2d 42 (1973); *Commonwealth v. Brown, supra.*

Accordingly, we affirm the holding of the court below.