465 A.2d 1284

**COMMONWEALTH of Pennsylvania**

v.

**James MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1983.

Filed Sept. 23, 1983.

James Lee Goldsmith, Harrisburg, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

Presently before this Court is an appeal from an Order of the Court of Common Pleas of Dauphin County dated March 5, 1982, denying appellant the relief prayed for in his petition for relief under the Post Conviction Hearing Act (PCHA).[1]

The instant case began when Joseph Williams stopped on the road to aid the appellant whose automobile had a flat tire. Williams agreed to give the appellant a ride to the nearest service station. After entering Williams' car, the appellant pulled out a pistol, pointed it at Williams, and proceeded to take Williams' money and his car.

---

1. Act of January 26, 1966, P.L. 1580 (1965), § 1 *et seq.*, 19 P.S. § 1180–1 *et seq., repealed.* Act of April 28, 1978, P.L. 202, No. 53, § 2(2) (1397) effective June 27, 1980, *as amended* by Act of June 26, 1980, P.L. 265, No. 77, § 1 delaying repeal until June 27, 1981, *as further amended* by the Act of June 26, 1981, P.L. 123, No. 41 § 1 delaying repeal until June 26, 1982, *repealed* by Act of May 13, 1982, P.L. 587, No. 1982–122, § 3, *replaced* by 42 Pa.C.S. § 9541 *et seq.*

The appellant was initially charged with the offenses of robbery,[2] kidnapping,[3] theft by unlawful taking,[4] and theft by receiving.[5] An agreement was reached with the District Attorney whereby in consideration of a plea of guilty, the kidnapping charge would be reduced to unlawful restraint[6] and the charge of theft by receiving would be dismissed. Pursuant to this agreement, on April 1, 1981, the appellant entered pleas of guilty and on June 3, 1981, was sentenced to ten to twenty years on the robbery charge, five to ten years on the theft charge, and three and one-half to seven years on the unlawful restraint charge. All sentences were to run concurrently.

On June 16, 1981, the appellant, through his counsel, filed a Petition for Modification of Sentence and a Petition to Withdraw Guilty Plea. On June 17, 1981, the court denied the Petition for Modification of Sentence. The court further directed that a hearing on the Motion to Withdraw Guilty Plea be held on July 15, 1981. On June 22, 1981, the Motion to Withdraw Guilty Plea was withdrawn and the court, on the same date, cancelled the hearing.

On or about October 7, 1981, the appellant filed a *pro se* PCHA petition. Counsel was appointed and on February 3, 1982, an amended petition was filed. After an evidentiary hearing, the appellant's PCHA petition was dismissed and the relief requested denied. This appeal followed.

■ Appellant contends that the PCHA court erred in refusing to set aside his guilty plea and award a new trial

2. Act of December 6, 1972, P.L. 1483, No. 334, § 1, 18 Pa.C.S.A. § 3701, *as amended* by Act of June 24, 1976, P.L. 425, No. 102, § 1, 18 Pa.C.S.A. § 3701.

3. Act of December 6, 1972, P.L. 1483, No. 334, § 1, 18 Pa.C.S.A. § 2901.

4. *Id.,* § 3921.

5. *Id.,* § 3925.

6. Act of December 6, 1972, P.L. 1483, No. 334, § 1, 18 C.P.S.A. § 2902, *as amended* by Act of December 30, 1974, P.L. 1120, No. 361 § 2, 18 Pa.C.S.A. § 2902.

or to lessen the severity of his sentence. He argues first that his guilty plea was unlawfully induced because he relied on his trial counsel's alleged intimations that he would receive a sentence of no more than seven years, and that the Commonwealth in the plea bargain had agreed to seek the imposition of such sentence. After a thorough review of the record of the PCHA hearing, it is evident that this issue is solely one of credibility between the testimony of trial counsel and that of the appellant. The hearing court, as trier of fact, resolved the credibility issue in favor of the guilty plea counsel. We will not disturb findings of the PCHA court on appeal when they are supported by the record. *Commonwealth v. Wallace*, 495 Pa. 295, 298, 433 A.2d 856, 858 (1981); *Commonwealth v. Abbruzzese*, 293 Pa.Super. 246, 250, 438 A.2d 977, 979 (1981). The following excepted portions of the PCHA hearing record indicate that trial counsel testified that he never guaranteed appellant a lesser sentence or indicated that the Commonwealth had promised to seek a sentence of no more than seven years.

PCHA COUNSEL FOR THE COMMONWEALTH

Did you communicate to James or the defendant I should say the discussions you had at that time with the district attorney?

TRIAL COUNSEL FOR APPELLANT

Yes, I did. And I would add at this point that in the course of those discussions, as in the case of most defendants, Mr. Mitchell was of course very concerned with the sentence that he would receive. And there was, I do recall in the course of those discussions, mention of various terms of years in so far as—in so far as the sentence he could receive is concerned. I do remember the mention of a seven year term. I also remember a mention of a ten year term. I also remember a mention of a five year term.

Essentially, what I recall doing is giving James, based on my experience and estimation of the possible sentence that he would receive pursuant to his request that I do so, but I also did add the caveat that that was my estimation

of the sentence that he would receive and that there was no plea bargain in the case to a specific term of years and that my estimation again was just that, that he was asking me essentially to guess a Judge. That was a very risky business. But, based on his request, I did indicate to him that I thought under the circumstances of the case, a very substantial sentence certainly involving State Penitentiary time was going to be forthcoming.

But, at no time did I guarantee to him or promise him or represent to him that the district attorney's office had guaranteed him or promised him a sentence of a maximum of seven years.

PCHA Hearing Transcript 3/3/82, at 30–31. Therefore, because the record supports the PCHA court's determination that trial counsel did not persuade appellant to plead guilty by promising a lesser sentence or by intimating that the Commonwealth, as part of the plea bargain, guaranteed a lesser sentence, we will not disturb that determination on appeal.

 Additionally, we note that a criminal defendant who elects to plead guilty has a duty to answer questions truthfully. *Commonwealth v. Brown*, 242 Pa.Super. 240, 363 A.2d 1249 (1976). In the instant case, a colloquy was conducted in which the possible severity of the sentence which the defendant could receive was explained. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the promises of counsel. Appellant hoped and possibly expected to receive concurrent sentences amounting to no more than seven years, but, as has often been stated, disappointed expectations alone do not vitiate guilty pleas. *Commonwealth v. Sanutti*, 454 Pa. 344, 312 A.2d 42 (1973); *Commonwealth v. Brown, supra.*

 Appellant also contends that his guilty pleas were unlawfully induced because he was not apprised of the possible range of sentences which could be imposed. A careful review of the transcript of appellant's guilty pleas reveals that he was apprised of the possible range of

sentences which he could receive. We therefore find this argument to be clearly without merit.

Appellant next argues that his guilty plea counsel was ineffective for withdrawing appellant's Petition to Withdraw Guilty Plea without the advice or consent of appellant. Once again, we are faced with an issue of credibility; the claim of the appellant and the testimony of trial counsel stand in direct contradiction. The following excepted portion of the PCHA hearing transcript shows that trial counsel testified that he withdrew the Motion at the specific direction of the appellant.

PCHA COUNSEL FOR THE COMMONWEALTH

Did you discuss the possibility of withdrawing the petition that you filed seeking to withdraw the guilty plea?

TRIAL COUNSEL FOR THE APPELLANT

Yes. Again one of the purposes of going over was to advise him that, as I said, I felt that the motion to withdraw his guilty plea was—had no chance of success or little chance of success, and that rather than go through, follow through with what I considered to be a futile motion, I felt that it was in his best interest to simply file a motion to withdraw the motion to withdraw the guilty plea.

PCHA COUNSEL FOR THE COMMONWEALTH

Did he make any determination either way in regard to pursuing or not pursuing that motion?

TRIAL COUNSEL FOR THE APPELLANT

Yes. Before I left, he made it clear to me that he was willing to go along with my filing of such a motion to withdraw the motion to withdraw the guilty plea.

Accordingly, I left Camp Hill. I returned to the public defender's office. I directed my secretary to prepare an appropriate motion which was filed perhaps one to two days later.

PCHA Hearing Transcript 3/3/82, at 35–36. The PCHA court, as trier of fact, resolved the credibility issue against

the appellant, and, in view of the ample evidence in the record supporting that determination, it must be sustained. *Commonwealth v. Riddick*, 492 Pa. 430, 424 A.2d 1266 (1981); *Commonwealth v. Alston*, 473 Pa. 40, 373 A.2d 741 (1977).

■ Furthermore, it should be noted that trial counsel's suggestion to the appellant that the Motion to Withdraw Guilty Plea be withdrawn was predicated on "some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). At the PCHA hearing, trial counsel testified that he suggested the withdrawal of the Motion because the guilty plea colloquy and appellant's intelligence and frame of mind at the time of the guilty plea left nothing which he believed would justify the court's allowance of the withdrawal of the guilty plea. Rather, a Motion to Modify the Sentence was the proper method to proceed given appellant's concern regarding the excessiveness of his sentence. Counsel cannot be deemed ineffective for failing to advance a frivolous motion. *Commonwealth v. Davis*, 279 Pa.Super. 218, 420 A.2d 1111 (1980); *Commonwealth v. Rainey*, 282 Pa.Super. 15, 422 A.2d 652 (1980).

■ Appellant's third contention is that the PCHA court's dismissal of appellant's petition was against the clear weight of the evidence. Appellant claims that he adequately supported the assertions discussed above. It is well established that for relief to be granted on the ground that a determination was against the weight of the evidence, it must appear from the record that the determination was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative, so that right may be given another opportunity to prevail. *See Lupi v. Keenan*, 396 Pa. 6, 8, 151 A.2d 447, 449 (1959); *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). We have thoroughly reviewed the PCHA record and find the conclusion reached by the PCHA court was not so contrary to the evidence as to shock one's sense of justice. We accordingly deny appellant relief on

this claim. *See Commonwealth v. Johnson*, 490 Pa. 312, 416 A.2d 485 (1980).

Finally, appellant raises an issue regarding the legality of the sentence which the court imposed for the theft offense. He argues that this Court should vacate the sentence for theft because the theft offense should have merged with the robbery offense for sentencing purposes.

■ We note first that this issue is properly before this Court even though it was not raised at any stage in the proceedings below. The illegality of a sentence cannot be waived, *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Fortune*, 305 Pa.Super. 441, 451 A.2d 729 (1982), and appellant's failure to raise this issue previously does not preclude the Superior Court's present consideration of it. *Commonwealth v. Welch*, 291 Pa.Super. 1, 435 A.2d 189 (1981); *Commonwealth v. Usher*, 246 Pa.Super. 602, 371 A.2d 995 (1977).

■ Turning now to the merits of appellant's claim that the theft offense merged with the robbery offense for sentencing purposes, the general rule is, when one crime necessarily involves another, the offenses merge for sentencing purposes and only one punishment may be imposed. *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941); *Commonwealth v. Walls*, 303 Pa.Super. 284, 449 A.2d 690 (1982); *Commonwealth v. Turner*, 265 Pa.Super. 486, 402 A.2d 542 (1979). By definition, robbery is committed "in the course of committing a theft." [7] Therefore, robbery necessarily involves theft and the offenses merge for sentencing purposes. *Commonwealth v.*

7. The pertinent statute provides:
§ 3701 Robbery
(a) Offense defined.—
(1) A person is guilty of robbery if, in the course of committing a theft, he:
(i) inflicts serious bodily injury upon another;
(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
(iii) commits or threatens immediately to commit any felony of the first or second degree;
(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

*Yancey,* 301 Pa.Super. 427, 447 A.2d 1041 (1982); *Commonwealth v. Stevens,* 237 Pa.Super. 457, 352 A.2d 509 (1975). Appellant's sentences on both crimes resulted in double punishment and are unlawful. However, we need not remand for resentencing because we are authorized to vacate the sentence imposed on the theft offense. *Commonwealth v. Brown,* 290 Pa.Super. 448, 434 A.2d 838 (1981). Accordingly, we vacate the judgment of sentence for theft by unlawful taking and affirm the judgments of sentence imposed on the robbery and unlawful restraint offenses.[8]

ORDER AFFIRMED AND JUDGMENT OF SENTENCE AFFIRMED IN PART AND VACATED IN PART.

(v) physically takes or removes property from the person of another by force however slight.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

(b) Grading.—Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree.

8. In addition, appellant contends that this Court should vacate or modify the sentence for theft because the term of sentence imposed is in excess of the statutory maximum. In light of our holding that the sentence for the theft offense be vacated on the ground that the theft offense merged with the robbery offense for sentencing purposes, it is unnecessary for us to address this issue.