J-S69023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKEY WASHINGTON | : | |
| | : | |
| Appellant | : | No. 2089 EDA 2019 |

Appeal from the PCRA Order Entered June 28, 2019,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0000871-2016,
CP-15-CR-0001193-2016.

BEFORE:  SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 11, 2020**

Rickey Washington appeals *pro se* from the order that denied his first petition filed pursuant to the Post Conviction Relief Act in two related cases. 42 Pa.C.S.A. §§ 9541-46.  We affirm.

With regard to Case No. 871-2016, the PCRA court summarized the pertinent facts as follows:

> On the night of January 19, 2016, at approximately 8:15 p.m. . . . [Washington] broke down the back door of the home of his female cousin, Renee Byrd, . . . ran up the stairs and beat her and her "[G]od-sister," Chickasha Pate, whom he also knew, with his closed fists, delivering a couple of blows to his cousin's head and stomach, and, with respect to Ms. Pate, beating her also with a hollow hard metal broomstick about her lower extremities with such force that broomstick split in two, leaving a jagged and rusty metal

---

[*] Retired Senior Judge assigned to the Superior Court.

edge, and bent almost to the point of splitting at another part, resulting in Ms. Pate suffering a large hematoma on her left thigh which had her confined to her bed for days due to the severity of the pain she experienced when walking.

Throughout the assaults, [Washington] screamed to the women to "Give me my shit!" In addition to beating the women, [Washington] pushed his cousin, Ms. Byrd, down a flight of stairs and threatened to kill her. All of this occurred while several young children were present in the home. [Washington], who took the stand on his own behalf at trial, testified that his motive in breaking down his cousin's door and beating on the women was to recover some drugs he claimed were stolen from him.

PCRA Court Opinion, 9/13/19, at 3 (citations omitted).

With regard to Case No. 1193-2016, the PCRA court summarized the pertinent facts as follows:

As a result of the violence perpetrated upon the two women, an arrest warrant was issued for [Washington]. On the morning of February 18, 2016 Coatesville Police Department Corporal Kenneth Michels, Jr. was on duty conducting a routine traffic detail. As [Washington's] bluish-gray Chevrolet Malibu drove by, Corporal Michels' patrol vehicle's License Plate Reader ("LPR") alerted him to the outstanding warrant for Aggravated Assault associated with [Washington]. Corporal Michels activated his overhead lights and attempted to initiate a traffic stop. [Washington] ignored the Corporal's lights and continued to flee at a high rate of speed. When Corporal Michels activated his siren, [Washington] proceeded to lead Corporal Michels on a high speed chase through numerous residential streets . . . When [Washington] finally stopped his vehicle, he exited the vehicle and fled on foot. [Washington] was shortly thereafter apprehended by another officer.

PCRA Court Opinion, 9/13/19, at 3-4 (citations omitted).

On September 15, 2016, Washington entered an open guilty plea at Case No. 1193-2016 to one count of fleeing and eluding a police officer,

possession of drug paraphernalia, and driving with a suspended license. That same day, following a three-day trial, a jury convicted Washington at Case No. 871-2016 of burglary, aggravated assault, and related charges. On November 28, 2016, the trial court sentenced Washington at both dockets to an aggregate sentence of 9½ - 20 years in prison. The trial court denied Washington's post-sentence motion filed at each docket, and Washington filed separate appeals to this Court. This Court affirmed Washington's judgment of sentence at each docket. Washington did not file a petition for allowance of appeal in either case.

On November 29, 2018, Washington filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. After being granted a sixty-day extension, PCRA counsel, on April 19, 2019, filed a "no-merit" letter and motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 28, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Washington's PCRA petition without a hearing. Washington filed a timely *pro se* response. By order entered June 28, 2019, the PCRA court entered an order dismissing Washington's PCRA petition and permitting PCRA counsel to withdraw. This timely *pro se* appeal followed.[1] Both Washington and the PCRA court have complied with Pa.R.A.P. 1925.

---

[1] Although Washington listed two docket numbers on his single *pro se* notice of appeal, we find no violation of **Commonwealth v Walker**, 185 A.2d 969

Washington now raises the following issues:

1. Was trial counsel ineffective for failing to obtain the phone records from [Ms. Pate] prior to trial to use to impeach her less than truthful testimony and was PCRA counsel ineffective for failing to raise trial counsel's ineffectiveness?

2. Did the Assistant District Attorney commit prosecutorial misconduct when she referenced evidence that was not in the record during her closing argument?

3. Was trial counsel ineffective for failing to request a [self-defense] jury instruction when he presented a [self-defense] theory throughout trial?

Washington's Brief at 5.

Our scope and standard of review is well settled:

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by the record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm

_____

(Pa. 2018). This Court has declined to quash a defective notice of appeal when, as in this case, the defect resulted from an appellant acting in accordance with misinformation from the lower court, this Court has deemed this situation to constitute a breakdown in the court operations. **See Commonwealth v. Larkin**, ____ A.3d ___, ___ (Pa. Super. 2020) (*en banc*) (filed July 9, 2020), Slip Opinion at 4-6. Additionally, we note the issues raised by Washington concern only his convictions at No. 871-2016. Thus, we conclude Washington's inclusion of Case No. 1193-2016 on his notice of appeal is of no significance.

- 4 -

a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016 (citation omitted).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. ***Commonwealth v. Carpenter***, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. ***Carpenter***, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. ***Carpenter***, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Washington's first and third issues involve his claim of ineffective assistance of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-

determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533.

In his first issue, Washington claims that trial counsel was ineffective for failing to obtain Ms. Pate's phone records. The PCRA court found this generic claim waived because, in his PCRA petition, Washington never identified which phone records he wanted trial counsel to obtain and never explained how the records would benefit him. The PCRA court originally stated these reasons when issuing its Rule 907 notice, which it then reiterated in its Rule 1925(a) opinion:

> [Washington's] first issue concerning [trial] counsel's purported ineffectiveness for failing to obtain requested phone records is waived for vagueness. The Court is simply deprived of meaningful review over this boilerplate claim because [Washington] failed to indicate which phone records he requested that counsel obtain and why they were material to his defense.
>
> [Washington's] failure to state what the phone records would or would not have evidenced makes it impossible for the Court to review this claim and determine whether counsel was ineffective. It is well-established that the mere failure of trial counsel to conduct a more intensive investigation or interview potential witnesses does not

constitute ineffective assistance of counsel, unless there is some showing that such investigation or interview would have been helpful in establishing the asserted defense, or would have developed more than was already known by trial counsel. ***Commonwealth v. Wade***, 461 A.2d 613 (Pa. 1983); ***Commonwealth v. Wallace***, 433 A.2d 856 (Pa. 1981).

PCRA Court Opinion, 9/13/19, at 6.

Our review of the record supports the PCRA court's finding of waiver. Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. ***See generally***, ***Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981). Although within his brief Washington identifies the reasons he wanted Ms. Pate's phone records, ***see*** Washington's Brief at 6-7, such specificity is too late, because Washington inappropriately raises the claim for the first time on appeal. ***See generally***, Pa.R.A.P. 302(a). Thus, Washington's first claim of ineffectiveness warrants no relief.[2]

Before addressing Washington's remaining issues, we must determine if they are properly before us. Washington's second issue involves a claim of prosecutorial misconduct. Because he unsuccessfully raised a claim of prosecutorial misconduct in his direct appeal, Washington's issue was

---

[2] Washington's claim that PCRA counsel was ineffective is also waived because he did not raise the claim in response to the PCRA court's Rule 907 notice. ***See generally***, ***Commonwealth v. Ford***, 44 A.2d 1096 (Pa. Super. 2012).

- 7 -

previously litigated under the PCRA. ***Carpenter***, ***supra***. To the extent Washington raises a new claim of prosecutorial misconduct, it is waived. ***Id.***[3]

In his third issue, Washington claims that trial counsel was ineffective for failing request a self-defense instruction when he presented a self-defense theory throughout his trial. This claim is waived for multiple reasons. First, because Washington did not raise this claim in his PCRA petition, it is waived. Rule 302(a), ***supra***; ***see also Commonwealth v. Elliott***, 80 A.3d 415, 430 (Pa. 2013). Second, because Washington did not raise it in his Rule 1925(b) statement, the PCRA court did not address it. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

In sum, because Washington's claims were previously litigated, are waived or otherwise without merit, we affirm the PCRA court's order denying Washington post-conviction relief.

Order affirmed.

---

[3] We note that the PCRA court also found this claim waived because Washington only raised it in a boilerplate fashion in his Rule 1925(b) statement. ***See*** PCRA Court Opinion, 9/13/19, at 7.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2020