J-S01013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JADE BURNITSKIE | : | |
| | : | |
| Appellant | : | No. 482 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 23, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000419-2020

BEFORE: BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED: MARCH 24, 2022**

Jade Burnitskie appealed from the judgment of sentence of one year of probation imposed after she pled guilty to one count of neglect of animals. In this Court, Donna M. DeVita, Esquire, filed an application to withdraw as Appellant's counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), stating as the sole issue that arguably supported the appeal that Appellant's sentence was harsh and unreasonable. While we agreed with counsel that an appeal raising the waived claim regarding the discretionary aspects of Appellant's sentence would be wholly frivolous, our independent review of the certified record revealed an issue that counsel overlooked, namely whether the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court abused its discretion in denying Appellant's presentence motion to withdraw her guilty plea. We therefore denied counsel's application to withdraw and ordered additional briefing. Counsel filed a renewed application to withdraw and **Anders** brief explaining counsel's belief that there would be no merit in pursuing an appellate challenge to the trial court's refusal to allow Appellant to withdraw her plea. For the reasons that follow, we affirm Appellant's judgment of sentence and grant counsel's application to withdraw.

As we detailed the history of this case in our prior memorandum, there is no need to do so again here. Briefly, Appellant's plea and conviction were based upon her admission that she kept a dog "in unsanitary conditions in an unheated vacant building without access to food and water . . . in spite of the dog's observable body condition which was evidently underweight and missing hair[.]" N.T. Guilty Plea, 9/9/20, at 4. In exchange for pleading guilty to neglect, the Commonwealth withdrew the initial charges, including a felony count of aggravated cruelty to animals. Appellant's subsequent motion to withdraw the plea alleged that she was innocent of the offense and that "her plea was involuntarily entered as it was made under duress based upon time constraints and insufficient access to discuss the case with . . . counsel due to COVID-19 restrictions." Motion to Withdraw Guilty Plea, 11/30/20, at ¶¶ 16-17. The Commonwealth responded to her motion with photographic evidence of the condition of the residence and the dog which corroborated the witnesses' statements included in the affidavit of probable cause. The trial

court denied the motion after a hearing and imposed a probationary sentence, and this timely appeal followed.

The following law is pertinent to our review of counsel's renewed application to withdraw and **Anders** brief:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has again substantially complied with the above requirements.[1]  Therefore, we proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'"  ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, ***supra*** at 354 n.5).

As indicated above, the issue that arguably supports this appeal that was not previously addressed by this Court is whether the trial court abused its discretion in denying Appellant's presentence motion to withdraw her guilty plea.  We consider counsel's analysis of the issue mindful of the following principles.

Pursuant to the Rules of Criminal Procedure:  "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte,* the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."  Pa.R.Crim.P. 591(A).

> When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused.  An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power.  An abuse of discretion will not be found

---

[1]  Appellant again did not file a response to counsel's petition.

based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (cleaned up).

In the context of a presentence request for withdrawal, the trial court's "discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015). As this Court summarized:

> [T]he determination of whether there is a "fair and just reason" to permit the pre-sentence withdrawal request should be based on the totality of the circumstances attendant at the time of the request, including the timing of the assertion of innocence, the statements made by the defendant in association with his declaration of innocence, and the plausibility of the defendant's statements in light of the evidentiary proffer made by the Commonwealth at the plea hearing.

***Commonwealth v. Johnson-Daniels***, 167 A.3d 17, 24 (Pa.Super. 2017).

The trial court in the instant case determined that "the totality of the circumstances reflect that [Appellant's] assertion" of innocence "was anything but credible." Order, 3/16/21, at n.1. The court noted that Appellant had fully understood the questions posed to her at the plea hearing and voluntarily decided to enter a knowing and intelligent plea. ***Id***. The court found that

Appellant's bare, incredible assertion of innocence was merely "a dilatory tactic to delay sentencing[.]" *Id*.

Counsel indicates that Appellant believes that she is innocent and should have been permitted to withdraw her plea because the Commonwealth's affidavit of probable cause indicates that food and water were found in the house where the dog had been kept, albeit outside of the dog's reach, and includes a statement from a neighbor that Appellant went to the house twice a day to walk the dog. *See Anders* brief at 15. Counsel further represents that Appellant feels that she was unable to explain at the plea hearing that she lacked funds to take the dog to the vet, and the poor condition of the dog when found "was due to the fact that an intruder must have entered the building and let the dog escape[.]" *Id*.

Counsel nonetheless opines that an appeal challenging the denial of her motion to withdraw the plea would be wholly frivolous based upon the state of the record and the applicable law. Specifically, counsel contends:

> Upon review of the record, including the extensive information contained in Appellant's written guilty plea colloquy, the Commonwealth's evidence supporting the M-3 offense to which Appellant pled guilty, the affiant's direct observation of the dog's condition upon discovery, the condition of the house where he was found, and the recitation of the medical condition of the dog as set forth in the affidavit of probable cause, all of which trial counsel represented was reviewed with Appellant prior to her plea, appellate counsel cannot argue that she did not have an opportunity to review the Commonwealth's evidence. Counsel understands that given the record of the instant case, it cannot be argued that the trial court abused its discretion when it denied her motion to withdraw her guilty plea. While it is true that Appellant did not have an opportunity to submit evidence on her own behalf,

both the written guilty plea colloquy and the trial court's on the record guilty plea colloquy clearly demonstrated that she was clearly advised her of what rights she was giving up, including her right to go to trial.

"A guilty plea is not a ceremony of innocence; it is an occasion when one offers a confession of guilt. The defendant is before the court to acknowledge facts that he is instructed constitute a crime. He is then to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequence." ***Commonwealth v. Anthony***, [475 A.2d 1303, 1307-08 (Pa. 1984)]. A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. ***Commonwealth v. Mitchell***, 465 A.2d 1284, 1286 (Pa.Super. 1983).

. . . .

Appellate counsel understands that Appellant was clearly advised of what right she was giving up when she pled guilty. Counsel recognizes that the trial court neither abuse[d] its discretion nor erred in its judgement of Appellant's credibility when it denied her request to withdraw her guilty plea.

Appellate counsel appreciates that an appellate review involving the trial court's findings of fact and credibility determinations, are binding on the reviewing court if they find support in the record. The trial court specifically found that Appellant was not credible since the totality of the circumstances questioned her assertion of innocence. Consequently, given the fact of the present case and the applicable law, appellate counsel is unable to assert that the trial court abused its discretion when it denied Appellant's motion to withdraw guilty plea.

***Anders*** brief at 16-17 (cleaned up).

We find no fault in counsel's assessment. At the time Appellant entered her plea of guilt, she plainly was aware of the facts upon which she later based her assertion of innocence. Yet she indicated her desire to surrender her "absolute right" to proceed to trial and admitted that the facts established her

guilt of neglect, in exchange for the Commonwealth's dismissal of the more serious charge of aggravated cruelty. *See* Written Guilty Plea Colloquy, 9/9/20, at 4; N.T. Guilty Plea, 9/9/20, at 3-4. The trial court acted within its discretion in rejecting her bare assertion of innocence as an incredible dilatory tactic rather than a fair and just reason to withdraw the plea. *See Johnson-Daniels*, *supra* at 24. Accordingly, a challenge to the trial court's denial of Appellant's motion to withdraw her guilty plea lacks merit.

Additionally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no further issues that counsel failed to address.[2] *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Renewed application of Donna M. DeVita, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

---

[2] We have conducted our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2022