J-S73017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLE EDWARD LANE, | |
| Appellant | No. 439 WDA 2018 |

Appeal from the PCRA Order Entered February 28, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-001228-2016

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 30, 2019**

Appellant, Kyle Edward Lane, appeals from the post-conviction court's order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We need not reiterate the procedural history and factual background of this case, as the PCRA court set forth a comprehensive summary of both in its August 14, 2018 opinion pursuant to Pa.R.A.P. 1925(a).  **See** PCRA Court Opinion (PCO), 8/14/2018, at 1-3.  Presently, Appellant raises two issues for our review:

> A. Whether the lower court erred in failing to find that the plea proceeding was invalidated in that counsel directly induced the pleas [*sic*] by promising that the sentence would run concurrently with any parole violation hit or in failing to properly address how the prospective sentence could be fashioned or applied?

B. Whether the sentence was illegal in that lab fees and court costs were improperly imposed upon … Appellant jointly and severally with his co-defendant wherein all evidence and documents relating to the materials subject to the lab analysis only referenced the co-defendant?

Appellant's Brief at 2 (unnecessary capitalization omitted).

We have reviewed the thorough and well-reasoned opinion issued by the Honorable Daniel J. Brabender, Jr., of the Court of Common Pleas of Erie County. We conclude that Judge Brabender's opinion accurately and thoroughly disposes of Appellant's first issue, in which Appellant claims he unknowingly and involuntarily entered his guilty plea because, in entering the plea, he relied upon his counsel's representation that he would receive a specific sentence. *See* PCO at 3-8. Accordingly, we adopt Judge Brabender's opinion as our own on this issue.

In Appellant's second issue, he argues that his sentence is illegal because the sentencing court improperly ordered him to pay laboratory fees jointly and severally with his co-defendant, where he says "all evidence and documents relating to the materials subject to the lab analysis only referenced the co-defendant[.]" Appellant's Brief at 2 (unnecessary capitalization omitted). He asserts that he should not have to pay any laboratory fee where "his name was never found in the trash or even on the lab paperwork." *Id.* at 5.[1] He states that the subject of "the … lab paperwork is exclusively the

---

[1] Appellant does not elaborate on nor cite to anything in the record to corroborate this claim. However, the PCRA court explains that "[t]he reference to the trash concerns the averment in the Information that

co-defendant, … and thus he should be the party liable for the payment of the lab fees as there is no legal predicate or nexus to [Appellant] relative to the payment of that fee…." *Id.*[2] We note that the laboratory fees amounted to $2,354.00. *See* PCO at 9.

Insofar as Appellant argues that the sentencing court did not have the authority to require him to pay the laboratory fees, he raises a legality of sentencing claim. *See Commonwealth v. Garzone*, 993 A.2d 306, 316 (Pa. Super. 2010) (recognizing that an argument that the trial court did not have the authority to impose certain costs presents a legality of sentence claim whereas a claim that the amount is excessive presents a discretionary aspect of sentencing claim) (citations omitted). We acknowledge that "[t]he

_____

[Appellant], directly or by virtue of his complicity with [his] co-defendant…, transported trash bags of meth production-related waste to the residence of a third party … to dispose of them." PCO at 3 n.11 (citation omitted). According to the affidavit of probable cause, a forensic scientist processed the contents of this trash. *See* Affidavit of Probable Cause, 3/17/2016, at 2. We additionally discern that, although the affidavit of probable cause notes that "[i]ndicia belonging to [the co-defendant] was found inside the garbage[,]" *see* Affidavit of Probable Cause, 3/17/2016, at 2, the Commonwealth advised the sentencing court that, "[t]here was evidence of [Appellant's] … purchasing Sudafed, the same kind that was found in the garbage we recovered." N.T. Sentencing, 3/8/2017, at 13; *see also* Affidavit of Probable Cause at 2 ("[T]wo boxes of Sudafed were found. [Appellant] had purchased the same type of Sudafed…. Furthermore, a box of Wal-[it]in D 15 count was found in the trash … which is the same that [Appellant] had purchased at Wal-Greens….").

[2] Relying on this same reasoning, Appellant claims that he should not have to pay "any other fines or restitution." Appellant's Brief at 5. However, our review of the sentencing order does not show that the sentencing court ordered Appellant to pay any other fines or restitution, nor does Appellant point to where it did. We therefore do not address this argument.

determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *See id.* (citations and quotation marks omitted).

Appellant offers no authority demonstrating that his sentence is illegal. Although neither Appellant, the Commonwealth, nor the PCRA court reference 42 Pa.C.S. § 1725.3, our own research indicates that this statute addresses the imposition of laboratory fees on defendants.  It sets forth, in pertinent part, the following:

> **(a) Imposition.--*A person*** who is placed on probation without verdict pursuant to section 17 of the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act, or who receives Accelerated Rehabilitative Disposition or ***who pleads guilty to*** or nolo contendere to or who is convicted of a crime as defined in 18 Pa.C.S. § 106 (relating to classes of offenses) or 75 Pa.C.S. § 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked) or 3802 (relating to driving under influence of alcohol or controlled substance) or 3735 (relating to homicide by vehicle while driving under influence) or 3735.1 (relating to aggravated assault while driving under the influence) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock) or ***a violation of The Controlled Substance, Drug, Device and Cosmetic Act shall, in addition to any fines, penalties or costs, in every case where laboratory services were required to prosecute the crime or violation, be sentenced to pay a criminal laboratory or paramedic user fee which shall include, but not be limited to, the cost of sending a laboratory technician or paramedic to court proceedings.***

42 Pa.C.S. § 1725.3(a) (emphasis added).

Here, Appellant pled guilty to a violation of The Controlled Substance, Drug, Device and Cosmetic Act, namely possessing phenylpropanolamine,

phenyl acetone, methylamine, ammonium sulfate, ammonium nitrate, phenyl acetic acid or a precursor substance with intent to unlawfully manufacture a controlled substance, 35 P.S. § 780-113.1(a)(3). Therefore, under 42 Pa.C.S. § 1725.3(a), the sentencing court had the authority to impose on Appellant the costs of laboratory fees incurred in prosecuting him.

Further, to the extent Appellant disputes the amount of the fee imposed and the trial court's finding a connection between him and the trash/lab work, Appellant contests a discretionary aspect of his sentence. **See Garzone**, **supra**. However, "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." **See Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007); **see also** 42 Pa.C.S. § 9543(a)(2) (setting forth the claims that are cognizable under the PCRA). Moreover, even if cognizable, we would deem this claim waived because Appellant did not raise it at the time of sentencing, in a post-sentence motion, or on direct appeal. **See** 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for PCRA relief, the petitioner must demonstrate that the claim was not previously litigated or waived); 42 Pa.C.S. § 9544(b) (directing that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding"); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a

sentence is waived.") (citation and internal quotation marks omitted). Thus, no relief is due.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2019

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
:
v. : CRIMINAL DIVISION
:
KYLE EDWARD LANE, PETITIONER : NO. 1228 of 2016

## OPINION

The Appellant, Kyle Edward Lane, appeals from the Order of February 28, 2018, dismissing the *pro se* Petition for Post Conviction Collateral Relief (PCRA) of June 30, 2017 and the counseled Supplement to Motion for Post Conviction Collateral Relief of June 29, 2017. Following a PCRA evidentiary hearing on February 27, 2018, this Court denied the PCRA on February 28, 2018 for reasons placed on the record at the PCRA hearing. This Opinion is in response thereto. Because the appeal is without merit, it must be dismissed.

## BACKGROUND

By Information filed on May 17, 2016[1] was charged as follows with regard to the alleged events of February 4, 2016: Count One – Criminal Conspiracy (Manufacture Methamphetamine);[2] Counts Two and Three: Manufacture of Methamphetamine;[3] Count Four – Operating a Methamphetamine Laboratory;[4] Count Five – Illegal Dumping of Methamphetamine Waste;[5] Count Six – Possessing Precursors and Chemicals;[6] Count Seven -

---

[1] The Information was date-stamped by the Erie County Clerk of Courts on May 17, 2016 and entered on the docket May 24, 2017.

[2] 18 P.S. §903(a)(1)/35 P.S. 780-113(a)(30).
[3] 35 P.S. §§780-113(a)(38)(i) and 780-113(a)(ii), respectively.
[4] 35 P.S. §780-113.4(a)(1).
[5] 35 P.S. §780-113.4(b)(1).
[6] 35 P.S. §780-113.1(a)(3).

1

Causing a Catastrophe;[7] Count Eight – Recklessly Endangering Another Person;[8] Count Nine - Tampering With or Fabricating Physical Evidence;[9] and Count Ten – Possession of Drug Paraphernalia.[10]

On December 29, 2016, Petitioner entered a negotiated guilty plea. On February 9, 2017, Petitioner was granted leave to withdraw the guilty plea. On March 8, 2017, Petitioner re-entered a negotiated guilty plea to Count Six – Liquefied Ammonia Gas; Precursors and Chemicals. In exchange, the remaining counts were *nolle prossed.* Concurrently Petitioner was sentenced to 12 to 24 months of incarceration followed by a three-year probationary sentence. The sentencing Order directed Petitioner to pay lab fees jointly and severally.

No post sentence motion or direct appeal was filed. On June 30, 2017, Petitioner filed a *pro se* PCRA alleging ineffectiveness of plea and sentencing counsel. Petitioner averred plea and sentencing counsel promised the sentence arising from the instant conviction would be fashioned to run concurrent with the sentence for the parole violation arising from the instant conviction. Petitioner accordingly requested modification of the sentence for the instant conviction.

PCRA counsel was appointed who filed a Supplemental PCRA on September 29, 2017. PCRA counsel reiterated the *pro se* PCRA claim, and also challenged the legality of the sentence, claiming fines and restitution (including the PSP lab fee) were illegally imposed. This claim is based on the allegation that Petitioner's name was allegedly not found in certain trash,

---

[7] 18 Pa.C.S.A. §3302(a).
[8] 18 Pa.C.S.A. §2705.
[9] 18 Pa.C.S.A. §4910(1).
[10] 35 P.S. 780-113(a)(32).

2

nor on lab paperwork, the subject of which allegedly was exclusively co-defendant Stephen Godfrey.[11]

A PCRA evidentiary hearing was held on February 27, 2018. On February 28, 2018, for the reasons placed on the record at the evidentiary hearing, the Court denied the PCRA claims. On March 28, 2018, Petitioner filed a Notice of Appeal. On April 11, 2018, the Court directed Petitioner to file a 1925(b) Concise Statement of Matters Complained of on Appeal. On May 1, 2018, Petitioner filed a 1925(b) Statement raising for appellate review the following issues:

1. Whether plea and sentencing counsel was ineffective in allegedly making false promises to Petitioner, thereby rendering the guilty plea unknowing and involuntary?

2. Whether the sentence of fines and restitution was illegal?

## DISCUSSION

### 1. Ineffective Assistance Claim and Validity of Guilty Plea

#### a. Record at Plea and Sentencing Hearing

Petitioner raises the substantive claim of the validity of the guilty plea. Petitioner avers counsel promised the sentence at this docket would run concurrent with a sentence to be imposed for the parole violation that would ensue from the instant guilty plea. For this reason, Petitioner asserts the plea was involuntarily and wrongfully induced.

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. *42 Pa.C.S.A. §9543(a)(2)*. These errors include "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-

---

[11] The reference to the trash concerns the averment in the Information that Petitioner, directly or by virtue of his complicity with co-defendant Stephen Godfrey, transported trash bags of meth production-related waste to the residence of a third party, Shawn Lewis, at 117 Myrtle Street in Erie, to dispose of them. *See Criminal Information.*

3

determining process that no reliable adjudication of guilt or innocence could have taken place." *42 Pa.C.S.A. §9543(a)(2)(ii).* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Commonwealth v. Johnson,* 966 A.2d 523, 532 (Pa. 2009).

After a defendant has entered a guilty plea, the only cognizable issues under the PCRA are the validity of the plea proceedings and the legality of sentence. Thus, allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused petitioner to enter an involuntary or unknowing plea. *Commonwealth v Rounsley* 717 A.2d 57 (Pa. Super. 1998); *Commonwealth v. Williams,* 437 A.2d 1144 (Pa. 1981).

To establish ineffective assistance of counsel in the guilty plea context, the petitioner must demonstrate that: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." *Commonwealth v. Barndt,* 74 A.3d 185, 192 (Pa. Super. 2013) citing *Commonwealth v. Reed,* 971 A.2d 1216, 1221 (Pa. 2005). The failure to establish any prong of the test will defeat an ineffectiveness claim. *Commonwealth v. Birdsong,* 24 A.3d 319, 329 (Pa. 2011). *See also, Commonwealth v. Rollins, 738 A.2d 435, 441 (Pa. 1999).*

Petitioner's claims lack arguable merit. The plea was knowingly and voluntarily entered. The record establishes the factual basis for Petitioner's negotiated plea was fully explained to him. *See Transcript of Proceedings, Plea and Sentencing Hearing of March 8, 2017 ("Tr. Plea and Sentence Hrg. "), p. 8.* The possible severity of the sentences Petitioner could receive was explained to him at the Plea and Sentencing Hearing and in writing. *Tr. Plea and Sent. Hrg., p.*

4

*8; Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea at No 1228 of 2016 ("Defendant's Statement"),* ¶¶4, 5. Petitioner was advised that, if there was a plea in his case, it would be up to the Judge to determine whether or not to accept the plea. *Tr. Plea and Sent. Hrg., p. 4, Defendant's Statement,* ¶6. Petitioner had no questions about the terms of the plea agreement. *Tr. Plea and Sent. Hrg., p. 8.* In signing the Statement of Understanding of Rights, Petitioner acknowledged there had been no other bargain or promise to induce him to plead guilty to the charges. *Defendant's Statement,* ¶ 5.

The record at the plea and sentencing hearing confirms Petitioner knew he faced parole revocation for the instant offense. Petitioner admitted no promises were made about the upcoming "hit" Petitioner would receive for the revocation. *Tr. Plea and Sent. Hrg., pp. 15-16.* The plea bargain did not include negotiated sentences, either for the instant offense or the parole revocation "hit" Petitioner faced. This was explained to Petitioner on the record at the plea and sentencing hearing, and in writing. *See Plea and Sent. Tr., pp. 4-5; Defendant's Statement,* ¶6.

Petitioner was also advised that if any sentencing recommendations were made on his behalf, those were merely recommendations and it was up to the Judge to determine whether or not to accept those sentencing recommendations. Petitioner was informed that if the judge did not accept any sentencing recommendations, this would not be a basis to later withdraw his plea. *See Plea and Sent. Tr., pp. 4-5; Defendant's Statement,* ¶6.

Petitioner executed the Statement of Understanding of Rights at sentencing, indicating his understanding of these terms. In signing the Statement of Understanding of Rights, Petitioner acknowledged there had been no other bargain and no other promise to induce him to plead guilty to the charges. *Defendant's Statement,* ¶ 5. The plea colloquy and the exchange with

5

Petitioner at sentencing demonstrate Petitioner's guilty plea was entered knowingly, intelligently and voluntarily.

### b. Record at PCRA Evidentiary Hearing[12]

At the PCRA evidentiary hearing, Petitioner and Attorney Barbatos testified. Admitted in evidence as Commonwealth exhibits were the statement of understanding of rights from the original guilty plea in December, 2016 which was subsequently withdrawn, and the statement of understanding of rights from the subject guilty plea.

Petitioner testified he is currently serving a state sentence for aggravated assault and simple assault. Petitioner was represented by Attorney Barbatos for the charges at this docket. He initially entered a guilty plea in December of 2016 which he withdrew based on the belief his co-defendant would testify favorably for Petitioner at Petitioner's trial. However, Petitioner subsequently learned the co-defendant changed his mind, and Petitioner entered the instant guilty plea in March, 2017. Petitioner testified he believed Barbatos would obtain a sentence of 12 to 24 months concurrent with any probation revocation sentence he faced.

Petitioner admitted Barbatos explained to him the applicable sentencing guidelines; Barbatos discussed with Petitioner the fact that evidence unfavorable to Petitioner would be introduced at trial; Petitioner did not protest the sentence at the sentencing hearing; and Petitioner did not instruct Barbatos to withdraw the guilty plea. Subsequently, Petitioner was revoked on the other docket for which he was under state supervision and took a one-year "hit." He lost four years of street time and will reach his new maximum sentence in 2024.

Petitioner admitted he reviewed and signed a Statement of Understanding of Rights for each guilty plea entered at this docket. In particular, he read or was read Paragraph Nos. 5 and 6

---

[12] At this writing the transcript of proceedings from the PCRA evidentiary hearing of February 27, 2018 has not been transcribed. However, the proceeding was recorded.

6

of the Statements. He understood those paragraphs. He also understood the Judge was not bound by the terms of any plea agreement.

Attorney Robert Barbatos credibly testified he made no promise to Petitioner about the sentence he would receive. He denied he informed Petitioner the sentence would run concurrent with the parole revocation sentence. Instead, Barbatos merely advised Petitioner that Barbatos would request a sentence in the mitigated range to run concurrent with any parole revocation sentence. He denied informing Petitioner the Commonwealth made a sentencing recommendation. Barbatos credibly testified he would never make a guarantee or promise about any sentence a person would receive. Barbatos testified he informed Petitioner about his last conversation with the co-defendant and his understanding about the evidence unfavorable to Petitioner that would be introduced at trial. This information prompted Petitioner's decision to re-enter a guilty plea.

At the conclusion of the evidentiary hearing, the Court placed on the record findings of fact and conclusions of law which are incorporated herein by reference. In sum, the Court found incredible the Petitioner's assertion and testimony that Barbatos promised Petitioner would receive a specific sentence, including a sentence to run concurrent with any parole revocation sentence. The Court determined the guilty plea was knowing, intelligent and voluntary; there was no ineffective assistance of counsel with regard to the guilty plea; and there was no inducement to enter a guilty plea. The Court determined the guilty plea was valid and the sentence was legal. The Court denied post conviction relief.

A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. *Commonwwealth v. Vesay*, 464 A.2d 1363, 1368 (Pa. Super. 1983). In this case an extensive

7

colloquy was conducted in which the Commonwealth clearly explained the possible severity of the sentences which Petitioner could receive. "We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the promises of counsel." *Id.* Disappointed expectations alone do not vitiate guilty pleas. *Id,* citing *Commonwealth v. Sanutti*, 312 A.2d 42 (Pa. 1973).

Petitioner is no stranger to the criminal justice system. *See Tr. Plea and Sent. Hr., p. 10.* The record demonstrates Petitioner confirmed under oath at two separate plea hearings he understood the charge to which he was pleading and the maximum sentence which could be imposed for the charge. As there is no basis to conclude ineffective assistance of counsel caused Petitioner to enter an involuntary or unknowing plea of guilty, the ineffectiveness claim is meritless and must fail. *See Commonwealth v. Rathfon,* 899 A.2d 365, 369 (Pa. Super. 2006).

## 2. Illegal Sentence Claim

The illegality of sentence claim concerning imposition of fines and restitution is meritless. In a negotiated plea, Petitioner pled guilty to one offense, the offense at Count Six. Petitioner agreed to pay costs. In exchange, the Commonwealth agreed to *nolle pros* the remaining nine offenses. The elements of the plea agreement were set out in the Statement of Understanding of Rights. Prior to entering the plea, Petitioner executed the Statement of Understanding of Rights after reading and reviewing it. *See ¶5, Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, March 8, 2017.* Further, at sentencing, the Commonwealth informed Petitioner on the record that, pursuant to Paragraph 5 of the Statement of Understanding of Rights, Petitioner would plead guilty to Count 6 and in exchange the Commonwealth would *nolle pros* the remaining counts with costs to be imposed on

8

Petitioner. Petitioner acknowledged he understood the terms of the plea agreement. *Tr. Plea and Sentence Hrg., p. 8.*

At sentencing, the Commonwealth disclosed the lab fee was $2,354.00 and requested imposition of joint and several liability for the lab fee with co-defendant Godfrey. *See Transcript of Proceedings, Plea and Sentencing Hearing of March 8, 2017 ("Tr. Plea and Sentence Hrg."), page 15.* Petitioner had agreed to pay costs. There was no objection to the Commonwealth's request for imposition of joint and several liability for the lab fees. At no time during the sentencing hearing did Petitioner challenge or question the Court's fashioning of the sentence in this regard. *See Tr. Plea and Sentence-Hrg., pp. 15-18.* There was no negotiated sentence. Petitioner failed to demonstrate any impropriety in imposing joint and several liability for lab fees. The claim is meritless.

## CONCLUSION

The claims raised on appeal are meritless and must be dismissed. Upon the filing of the transcript from the PCRA evidentiary hearing held on February 27, 2018, the Clerk of Courts is directed to transmit the record to the Superior Court.

**BY THE COURT:**

8/14/2018
Date

_Daniel J. Brabender, Jr._
**Daniel J. Brabender, Jr., Judge**

cc:   The Office of the District Attorney
       William J. Hathaway, Esq., PMB # 261, 1903 West Eighth Street, Erie, PA 16505

9