J-S52027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEITH SHAWN HALL :
:
Appellant : No. 567 MDA 2018

Appeal from the PCRA Order Entered March 27, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002990-2015

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MARCH 06, 2019**

Keith Shawn Hall appeals from the order denying him relief under the

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Hall pleaded guilty on April 25, 2016, to possession with intent to deliver

heroin, possession of drug paraphernalia, and possession of marijuana.[1] The

court sentenced Hall to serve a term of four to ten years' incarceration for

possession with intent to deliver heroin, and a consecutive term of six to 12

months' incarceration for possession of drug paraphernalia. Hall was

sentenced to pay the costs of prosecution for his conviction on possession of

marijuana. Hall filed a post-sentence motion, which the trial court denied. Hall

filed notice of direct appeal, and this Court affirmed Hall's judgment of

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780–113(a)(30), (32), and (31), respectively.

sentence on April 24, 2017. **See Commonwealth v. Hall**, 169 A.3d 1206 (Pa.Super. 2017) (unpublished memorandum).

Hall filed a timely PCRA Petition on May 10, 2017. The PCRA court appointed counsel, who filed an Amended Petition on June 22, 2017. The court held an evidentiary hearing on the Amended Petition, and thereafter issued an order denying relief.

Hall appealed,[2] and presents the following issues:[3]

> [1.] Whether the [PCRA] court erred when it denied [Hall's] amended PCRA [Petition] when [Hall's] guilty plea was the product of ineffective assistance of counsel?

> [2.] Whether the [PCRA] court erred when it denied [Hall's] amended PCRA [Petition] when counsel was ineffective by failing to properly preserve for appellate review the claim that the sentencing court abused its discretion when it speculated that [Hall] was a drug dealer based on his lack of a verifiable employment record and the amount and packaging of the drugs in question?

Hall's Br. at 4 (unnecessary capitalization omitted).

_____

[2] After Hall appealed, the PCRA court ordered him to file a Pa.R.A.P. 1925(b) concise statement of the matters complained of on appeal. Hall failed to do so, thereby waiving all issues. We therefore issued a judgment order remanding the case to the PCRA court pursuant to Rule 1925(c)(3). We instructed Hall to file a Rule 1925(b) statement and instructed the PCRA court to prepare a responsive Rule 1925(a) opinion. We retained jurisdiction. Hall has since filed a statement of errors, and the PCRA court has entered an opinion and transmitted a supplemental record.

[3] Hall has not petitioned this Court for the opportunity to file a new brief. However, no new brief appears to be necessary, as Hall's statement raised no issues that were not already included in his previous brief, and the statement and brief were both filed by the same attorney on Hall's behalf. Thus, we consider the issues argued in Hall's original brief.

Our review of denial of PCRA relief "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa.Super. 2014) (quoting **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012)). We are bound by any credibility determinations made by the PCRA court and supported by the record, but apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id.** at 1214-15.

## I. Ineffective Assistance of Counsel in Relation to Hall's Guilty Plea

In his first issue, Hall argues that he pleaded guilty based on counsel's erroneous advice that he would receive a sentence within the standard minimum guidelines range of 35 to 45 months' incarceration, and that if he did not receive such a sentence, he could withdraw his plea.[4] Hall's Br. at 7. Hall claims that because he pleaded guilty based on this misinformation, his plea was not knowing and voluntary. **Id.** at 16. Hall asserts that his counsel had no reasonable basis for misinforming him on what sentence he would receive, and that he would not have pleaded guilty had he known he could receive a sentence of an aggregate minimum of 54 months' incarceration. **Id.**[5]

_____

[4] We note that the second part of this argument presupposes that Hall understood that he might receive a sentence outside of the standard minimum range, which directly contradicts the first part of his argument.

[5] Hall did not move to withdraw his guilty plea following sentencing, and does not argue his counsel was ineffective for failing to file a motion to withdraw his guilty plea. Nonetheless, as the Commonwealth does not argue waiver on this point, we decline to find the issue waived.

The PCRA court, in its order denying relief, thoroughly explained the law surrounding a claim of ineffective assistance of counsel in relation to a claim of an unknowing or involuntary guilty plea, and we therefore need not repeat it here. *See* PCRA Court Opinion and Order, filed March 27, 2018, at 2-4 (unpaginated).

In finding the claim without merit, the PCRA court recounted that Hall admitted at the PCRA hearing that his trial attorney told him "that he could not guarantee that his sentence would be thirty-five to forty-five months incarceration." *Id.* at 5 (unpaginated); *see also* N.T., 10/5/17 (PCRA Hearing), at 23, 26. The court also recounted that Hall's trial counsel had testified that "he would have reviewed the sentencing guidelines and the standard range sentence with [Hall], and explained that the [trial judge] has the discretion to impose a sentence outside of the guidelines." PCRA Ct. Op. at 5 (unpaginated). The PCRA court found Hall's testimony that his plea was unknowing or involuntary to be "self-serving" and "unpersuasive," and also noted that during Hall's guilty plea, he acknowledged "that the judge is not bound by the terms of . . . plea agreements." *Id.*; *see also* N.T., 4/25/16 (Guilty Plea), at 7.

We are bound by the factual and credibility determinations of the PCRA court, and find no abuse of discretion in the court's conclusion that Hall's counsel was not ineffective and that Hall's plea was not involuntary or unknowing. We add that Hall himself testified that he was aware that the standard range of 35 to 45 months' minimum applied only to one of his

convictions (possession of heroin with intent to deliver), and that Hall's attorney testified that he told Hall that he could be sentenced on the other counts consecutively and that it would be the judge's decision whether to do so. N.T. (Suppression Hearing) at 8-10, 15-16, 26. We therefore hold that Hall has failed to establish that he was due relief on his first issue, and we affirm on the basis of the PCRA court's opinion and order, which we incorporate below.

## II. Ineffective Assistance of Counsel in Relation to Hall's Sentence

In Hall's second issue, he argues that the trial court impermissibly considered the following during sentencing: (1) the quantity of heroin Hall had pleaded guilty to possessing (1.6 grams), which was already contemplated by the offense gravity score, and (2) speculation that Hall had been dealing drugs during the periods in which he had no verifiable employment. Hall's Br. at 9-10, 18-19. According to Hall, his trial counsel was ineffective for failing to raise these complaints before the trial court, which resulted in their waiver on direct appeal. *Id.* Hall posits that his counsel had no reasonable basis for failing to pursue these issues, and that there is a reasonable probability that had counsel raised them, Hall's sentence would have been vacated on direct appeal. *Id.* at 19-20.

In its opinion and order denying relief, the PCRA court set forth the law explaining its discretion during sentencing and a claim of ineffective assistance of counsel in relation to a sentencing claim. *See* PCRA Ct. Op. at 6-7 (unpaginated). The court also explained that its sentence was not based solely

on Hall's "mysterious" employment history or his status as a drug dealer, but on "numerous other factors," including "the protection of the public, the gravity of the offense, and the rehabilitative needs of the [d]efendant." *Id.* at 7; *see also* 42 Pa.C.S.A. § 9721(b). In particular, the court considered "that [Hall] had a prior record score of a [r]epeat felon, and had numerous offenses ranging from sex offenses to robbery," and had "acquired new charges for aggravated assault after he was released on bail for the [instant] charges." PCRA Ct. Op. at 7 (unpaginated).

Upon review of the certified record, we find no indication that the court's sentence was controlled by speculation regarding the extent of Hall's criminal activities or acknowledgment of the exact quantity of drugs he possessed during the instant offense. To the contrary, the record supports the PCRA court's assessment that the trial court sentenced Hall according to the statutorily mandated factors. We therefore affirm denial of relief on this issue based on the opinion of the PCRA court.

Thus, after review of the record, the parties' briefs, and the relevant law, we affirm on the basis of the well-reasoned opinion of the Honorable Dennis E. Reinaker, which we incorporate herein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/06/2019

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA        :
                                    :        No. 2990-2015
        v.                          :
                                    :
KEITH SHAWN HALL                    :

### OPINION AND ORDER

BY: REINAKER, J.
MARCH 26, 2018

## Introduction

The Defendant, Keith Shawn Hall, through his counsel, Vincent J. Quinn, has filed a

Petition for Post-Conviction Collateral Relief. The Defendant argues that he is entitled to post

conviction relief because his guilty plea was a product of ineffective assistance of counsel, and

counsel was ineffective when he failed to properly preserve claims for appellate review. The

Court finds that the Defendant's Amended Petition for Post-Conviction Collateral Relief will be

Denied.

## Procedural Background

On April 25, 2016, the Defendant pleaded guilty to one (1) count of Possession with

Intent to Deliver Heroin, one (1) count of Possession of Drug Paraphernalia, and one (1) count of

Possession of Marijuana. The Defendant was sentenced on July 21, 2016 to a term of

incarceration of not less than four and one-half (4 ½) nor more than eleven (11) years. The

Defendant filed a timely Post-Sentence Motion on July 29, 2016, that was denied by the Court on

August 1, 2016. The Defendant subsequently filed a timely Notice of Appeal to the Superior

Court on August 31, 2016. The Superior Court affirmed the judgment of the sentence in an

Unpublished Memorandum on April 24, 2017. The Defendant was represented during his guilty

plea, sentencing, and on appeal, by the Office of the Public Defender for Lancaster County. He

was represented at his guilty plea and sentencing by Assistant Public Defender Daniel Kaye, and on direct appeal by Assistant Public Defender Cody Lee Kaufmann.

On May 10, 2017, the Defendant filed a *pro se* Motion for Post-Conviction Collateral Relief and was appointed counsel, Vincent J. Quinn. The Court ordered a hearing to be held on the matter and the parties appeared on October 5, 2017. At the conclusion of the hearing, the Defendant was directed to file a Memorandum of Law in Support of his PCRA Petition. On November 1, 2017, the Defendant filed the Memorandum. On November 22, 2017, the Commonwealth filed its response.

### Discussion

In his Petition, the Defendant makes two related claims alleging ineffective assistance of counsel. First, the Defendant argues that his guilty plea was a product of ineffective assistance of counsel. Second, the Defendant argues that counsel was ineffective when he failed to properly preserve for appellate review the claim that the sentencing court abused its discretion when it improperly relied on speculation that the Defendant was a drug dealer based on his lack of verifiable employment history.

To obtain relief on a claim of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 104 S.Ct. 2052 (U.S. 1984). In Pennsylvania, the *Strickland* test is applied by looking to three elements: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012), *citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Additionally, counsel is presumed to have rendered

effective assistance and the burden to prove ineffectiveness rests with the petitioner. *Commonwealth v. Balodis*, 747 A.2d 341, 343 (Pa. 2000). Finally, both the United States Supreme Court and the Supreme Court of Pennsylvania have reiterated that a court is not required to analyze the elements of an ineffectiveness claim in any particular order or priority; instead, if a claim fails any of the necessary element of the *Strickland* test, the court may proceed to that element first. *Strickland, supra; Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998).

Generally, counsel's assistance is deemed to be constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Mitchell*, 105 A.3d 1257, 1290 (Pa. 2014), *citing Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2011). A claim of ineffectiveness cannot generally succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued. *Commonwealth v. Sneed*, 45 A.3d 1096, 1108 (Pa. 2012). In determining whether trial counsel's actions were reasonable, the Court may not question whether there were other more logical courses of action which counsel could have pursued; rather, the Court must examine whether counsel's decisions had any reasonable basis. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). Lastly, the Court will not find that a chosen strategy lacked a reasonable basis unless it can be concluded that an alternative not chosen offered a substantially greater potential for success. *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998).

Section 9543(a)(2)(ii) of the PCRA encompasses all constitutionally cognizable claims of ineffective assistance of counsel, including claims relating to the guilty plea process. *See Commonwealth ex. Rel. Dadario v.* Goldberg, 773 A.2d 126 (2001); *Commonwealth v.* Hickman 799 A.2d 136 (Pa. Super. 2002); *Commonwealth v. Kelly*, 1245 MDA 2015 (Pa. Super. 2016).

Disappointed expectations alone do not vitiate guilty pleas. *Commonwealth v. Vesay*, 464 A.2d 1363 (Pa.Super. 1983), *citing Commonwealth v. Sanutti*, 312 A.2d 42 (Pa. 1973). The Defendant must prove that the ineffective assistance of counsel caused an involuntary or unknowing plea. *Commonwealth v. D'Collanfield*, 805 A.2d 1244 (Pa.Super. 2002). When making this determination, the Court is to examine the totality of the circumstances. *Commonwealth v. Allen*, 732 A.2d 582 (1999). A knowing, intelligent, and voluntary guilty plea is one where the Defendant, at a minimum, understands: (1) the nature of the charges; (2) the factual basis for the plea; (3) that he has a right to a jury trial; (4) that he is presumed innocent until proven guilty; (5) the permissible range of sentences and/or fines for the offenses; and (6) that the judge is not bound by the terms of a plea agreement, it there is a negotiated agreement *Commonwealth v. Jefferson*, 777 A.2d 1104, 1107 (Pa. Super. 2001); *Commonwealth v. Harris*, 589 A.2d 264, 265 (Pa. Super. 1991).

Where matters of strategy and tactics are concerned, counsel's assistance is generally deemed constitutionally effective if the course chosen had some reasonable basis designed to effectuate the defendant's interest. *Commonwealth v. Miller*, 819 A.2d 504, 517 (Pa.2002). Such a claim cannot succeed through a hindsight comparison of the chosen strategy and other alternatives. *Id.* Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness causes the petitioner to enter an involuntary or unknowing plea. *Allen.*

The Court finds that the Defendant's claim that his guilty plea was unlawfully induced is meritless. In his brief, and during his testimony given during the PCRA evidentiary hearing, the Defendant claimed that he pleaded guilty because his attorney, Daniel Kaye, told him that he would receive a sentence of thirty-five to forty-five months incarceration. Defendant's Amended

Motion for Post-Conviction Collateral Relief, par. 12; N.T.E.H., October 5, 2017, p. 23. The Defendant also testified that attorney Kaye told him he could withdraw the plea if he did not get the sentence of thirty-five to forty-five months incarceration. N.T.E.H. PCRA p. 24. However, the Defendant also testified that he remembered Attorney Kaye telling him that he could not guarantee that his sentence would be thirty-five to forty-five months. *Id.* at 23. Attorney Kaye testified that he indicated to the Defendant that the standard range sentence for the felony drug offense was between thirty-five to forty-five months incarceration. *Id.* at 8. He also testified that he would have reviewed the sentencing guidelines and the standard range sentence with the Defendant, and explained that the Judge has the discretion to impose a sentence outside of the guidelines. *Id.* at 9.

Here, the Defendant pleaded guilty in front of this Court on April 25, 2016. During the plea, the Court informed the Defendant of the nature of the charges, the factual basis for the plea, that he has a right to a jury trial, that he is presumed innocent until proven guilty, the permissible range of sentences and/or fines for the offenses, and that the judge is not bound by terms of a plea agreements, if there is one, and lastly the Court ensured that the Defendant understood these factors. N.T. Guilty Plea, April 25, 2016, pp. 5-7.

It is clear that the testimony of the Defendant and Attorney Kaye is conflicting. However, the Court finds Defendant's self-serving testimony unpersuasive. During the evidentiary hearing, the Court noted that it was hard to believe, given the Defendant's guidelines sheet and his lengthy criminal record including a prior robbery conviction, a prior felony conviction, two other felony 2 convictions, and three misdemeanor convictions, that the Defendant truly thought he could "plead open to a charge and get sentenced and if you don't like the sentence withdraw your guilty plea". N.T.E.H. p. 42. The Court finds that the Defendant has not met his burden in

proving ineffective assistance of counsel, and finds that his guilty plea was knowingly, intelligently, and voluntarily entered.

The Defendant's second claim alleges that counsel was ineffective by failing to properly preserve a claim for appellate review. Specifically, the Defendant notes that appeal counsel attempted to raise claims that the Court relied on speculation when it imposed an aggravated range sentence, but due to an error by counsel, the Superior Court found that these issues were waived since they were not raised at the time of sentencing, or in the Defendant's Post-Sentence Motion. The Defendant argues that had the issue been properly preserved, there existed a reasonable probability that the sentence would have been reversed on appeal. The Court disagrees and finds the Defendant's claim is without merit.

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal without a manifest abuse of that discretion. *Commonwealth v. Hess*, 745 A.2d 29, 31 (Pa. Super. 2000). To constitute an abuse of discretion, the sentence must either exceed the statutory limits or be manifestly excessive; it is not shown merely by an error in judgment by the court. *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003). Rather, the defendant must demonstrate, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.* Furthermore, the Court may use its discretion to deviate from the sentencing guidelines to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community. *Hess* at 31. The sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside of the guidelines so long as it places its reasons for the deviation on the record.

*Commonwealth v. Cunningham*, 805 a.2d 566, 575 (Pa. Super. 2002). In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character, and the display of remorse, defiance, or indifference. *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997).

To prevail on this claim, the Defendant must prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice. Here, the Defendant is unable to meet his burden. First, the Defendant's underlying claim that counsel chose not to raise is meritless. In his brief, the Defendant argues that the court engaged in "rank speculation when it surmised that the Defendant may have in fact been in the business of selling drugs based on his lack of verifiable employment." Defendant's Brief Sur Amended PCRA, p. 6. While the Court did note during sentencing that the Defendant's employment history was "quite mysterious", numerous other factors guided the Court's decision to impose an aggravated sentence.

In crafting the sentence, the Court considered factors relating to the protection of the public, the gravity of the offense, and the rehabilitative needs of the Defendant. Specifically, during the sentencing hearing, the Court noted that the sentencing guidelines worksheet indicated that the Petitioner had a prior record score of a Repeat felon, and had numerous offenses ranging from sex offenses to robbery. N.T. Sentencing, July 21, 2016, p. 8. Additionally, the Commonwealth noted that the Defendant acquired new charges for aggravated assault after he was released on bail for the pending charges. These were the relevant factors that the Court properly considered in crafting an appropriate sentence. Therefore, the Defendant's claim fails.

Accordingly, I enter the following:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
: No. 2990-2015
v. :
:
KEITH SHAWN HALL :

## ORDER

AND NOW, this 26th day of March, 2018, after a hearing on the Petition for Post-Conviction Collateral Relief filed on May 10, 2017, the petition is hereby **DENIED**.

BY THE COURT:

DENNIS E. REINAKER
PRESIDENT JUDGE
MARCH 26 , 2018