J-S39012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAUL  DELAROSA | : | |
| | : | |
| Appellant | : | No. 2357 EDA 2019 |

Appeal from the PCRA Order Entered August 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003855-2017

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 14, 2020**

Raul Delarosa (a/k/a Javier Cepeda Delarosa or Javier Cebeda Delarosa,[1] a/k/a Edwin Pacharto) appeals from the order, entered in the Court of Common Pleas of Philadelphia, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel seeks to withdraw his representation on appeal pursuant to **Anders v. California**, 386 U.S. 738 (1967), and its progeny.[2]  Upon review, we affirm the PCRA court's order and grant counsel's motion to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Delarosa spelled his name as both "C-E-B-E-D-A," **see** N.T. Guilty Plea Hearing, 1/18/18, at 7, and "C-E-P-E-D-A," **see** N.T. Guilty Plea Hearing, 1/22/18, at 6.

[2] Counsel erroneously seeks to withdraw under **Anders**, **supra**, instead of the proper procedure espoused in **Commonwealth v. Turner**, 544 A.2d 927 (Pa.

In June of 2010, Delarosa asked Hector Rivera to assist him in the killing of a fellow drug dealer, Candido Hidalgo. N.T. Guilty Plea Hearing, 1/22/18, at 20-21. Rivera, in turn, recruited Jose Padilla for the job. *Id.* On June 13, 2010, Rivera and Padilla, armed with knives, waited at Hidalgo's property in Philadelphia. When Hidalgo returned home between 3:00 and 4:00 a.m., Rivera and Padilla ambushed him, stabbing him repeatedly in the face, neck, and hands. *Id.* The two men fled, and Hidalgo's wife called 911. Medics arrived and pronounced Hidalgo dead at 4:07 a.m. *Id.* Doctor Aaron Rosen of the Philadelphia Medical Examiner's Office determined that the cause of Hidalgo's death was multiple stab wounds and that the manner of death was homicide. *Id.* Delarosa subsequently made arrangements with his wife to pay Rivera and Padilla thousands of dollars for their assistance in Hidalgo's murder. *Id.* Thereafter, Delarosa fled to the Dominican Republic, and was extradited back to Philadelphia to stand trial. *Id.*

On January 18, 2018, Delarosa appeared before the trial court, with an interpreter present, and was informed of the Commonwealth's offer of fifteen to thirty years of imprisonment for all charges. After the court informed Delarosa of the maximum penalty for each offense, including the possibility of

---

1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc). ***See Commonwealth v. Smith***, 700 A.2d 1301 (Pa. Super. 1977) (counsel seeking to withdraw on direct appeal must satisfy ***Anders*** requirements, while counsel seeking to withdraw from post-conviction representation under PCRA must satisfy ***Turner*** and ***Finley***). We may, however, still review the petition to withdraw, because an ***Anders*** brief provides a defendant greater protection than a ***Turner***/***Finley*** letter. ***Commonwealth v. Widgins***, 29 A.3d 816, 820 n.2 (Pa. Super. 2011).

life imprisonment without parole if he was convicted at trial of first-degree murder, Delarosa requested additional time to consider the Commonwealth's offer, which the court granted. N.T. Guilty Plea Hearing, 1/18/18, at 12-18. On January 22, 2018, Delarosa reappeared before the trial court with an interpreter present and, following a full colloquy, pled guilty to third-degree murder,[3] conspiracy to commit murder,[4] and criminal solicitation of murder,[5] pursuant to the plea agreement. In addition to having Delarosa execute a written guilty plea colloquy form with the aid of an interpreter, the trial court conducted an extensive oral colloquy with the interpreter's assistance. N.T. Guilty Plea Hearing, 1/22/18, at 10-11.

On February 13, 2018, Delarosa filed a motion to withdraw his guilty plea, claiming that the plea was not knowing, intelligent, and voluntary, and further asserting that he had insufficient time to consider the Commonwealth's offer. The trial court denied that motion and sentenced Delarosa on February 20, 2018 to an aggregate sentence of fifteen to thirty years of incarceration.

Delarosa did not file post-sentence motions; instead, he filed a direct appeal claiming that the trial court erred in denying his motion to withdraw his guilty plea. On January 31, 2019, this Court affirmed his judgment of sentence. *Commonwealth v. Delarosa*, 209 A.3d 543 (Pa. Super. 2019)

---

[3] 18 Pa.C.S.A. § 2502.

[4] 18 Pa.C.S.A. § 903.

[5] 18 Pa.C.S.A. § 902.

(Table).   Delarosa did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On March 26, 2019, Delarosa timely filed a *pro se* PCRA petition in which he alleged plea counsel's ineffectiveness.  The PCRA court appointed counsel, and on May 20, 2019, appointed counsel filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).   On May 30, 2019, following a **Grazier**[6] hearing, the court permitted PCRA counsel to withdraw, and allowed Delarosa to proceed *pro se*.  Following an evidentiary hearing on August 12, 2019, the PCRA court dismissed Delarosa's petition.  Subsequently, the PCRA court appointed new counsel and Delarosa filed a timely notice of appeal to this Court.  The PCRA court did not order counsel to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The court filed its opinion on October 8, 2019.

Instantly, counsel has filed with this Court an application to withdraw and an **Anders** brief.  With regard to withdrawal from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted.   Such independent review requires proof of:  (1) a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2) the "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; (3) PCRA

---

[6] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate court; and (5) agreement by the PCRA or appellate court that the petition was meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009); *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012).

In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006),[7] this Court imposed an additional requirement for counsel seeking to withdraw from collateral proceedings:

> PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Id.* at 614.

Here, counsel has substantially complied with the *Turner*/*Finley* and *Friend* requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and brief upon Delarosa and informed him of his right to proceed *pro se* or with privately retained counsel,[8]

---

[7] This Court's holding in *Friend* was subsequently overruled on other grounds by the Supreme Court in *Pitts*. However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011).

[8] Delarosa has not raised any additional issues, either *pro se* or through private counsel.

- 5 -

raised Delarosa's issues in the form of a brief, and explained why his claims are meritless. We now turn to an independent review of the record to determine whether his claims merit relief.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.* The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. *Widgins*, 29 A.3d at 820.

In his PCRA petition and on appeal, Delarosa asserts that plea counsel was ineffective in the following ways: (1) failing to have an interpreter available at each meeting with Delarosa; (2) failing to investigate an extradition agreement between the United States and the Dominican Republic; (3) failing to request a psychiatric evaluation for Delarosa; (4) failing to litigate certain pretrial motions and impeach Commonwealth witnesses; and (5) failing to object to an unlawful mandatory minimum sentence. He further

asserts that plea counsel coerced him into entering a guilty plea, rendering the plea involuntary and unenforceable. No relief is due.[9]

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). To prove that counsel was ineffective, a petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or omission. *Koehler*, *supra* at 132. Failure to prove any prong of this test will defeat an ineffectiveness claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

We begin by addressing Delarosa's claim that plea counsel coerced him into pleading guilty. In order to invalidate a plea[10] on the basis of

_____

[9] "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991).

[10] The trial court must conduct an on-the-record colloquy in open court to ascertain whether the defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). The trial court must be satisfied that the defendant understands: (1) the nature of charges to which he pleads guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of his innocence; (5)

ineffectiveness of counsel, a petitioner must plead and prove that the ineffectiveness caused an involuntary or unknowing plea. ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002). To be eligible for relief based on an unlawful inducement claim, as Delarosa claims here, a petitioner must plead and prove by the preponderance of the evidence that his conviction resulted from "a plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." ***See*** Pa.C.S.A. § 9543(a)(2)(iii). Where a defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. ***Commonwealth v. Pier***, 182 A.3d 476, 478-79 (Pa. Super. 2018).

Instantly, there is no support in the record for Delarosa's claim that plea counsel coerced him to plead guilty despite his innocence. During extensive guilty plea colloquies, between which the court granted Delarosa's request for additional time to consider the Commonwealth's offer, Delarosa testified that he understood the nature of the charges against him, the factual basis for his plea, his right to trial by jury, the presumption of his innocence, the permissible ranges of sentences, and the fact that the trial judge would not

_____

the permissible ranges of sentences and fines; and (6) that the judge is not bound by an agreement unless the Defendant accepts it. Pa.R.Crim.P. 590 *Comment*.

be bound by the Commonwealth's offer unless Delarosa accepted it. N.T. Guilty Plea Hearing, 1/18/18, at 12-13. Delarosa testified that plea counsel answered all of his questions, that he wished to enter a negotiated plea because he was guilty, and that the decision to plead guilty was his decision alone, borne of his own free will. *Id.* at 9-14; N.T. Guilty Plea Hearing, 1/22/18, at 13, 20-22. Delarosa is bound by those statements, and cannot obtain relief on grounds that contradict his prior assertions made under oath. ***Commonwealth v. Barndt***, 74 A.3d 185, 201 (Pa. Super. 2013). In addition, plea counsel testified at the PCRA hearing that, "[Y]es, I advised [Delarosa] to [accept the Commonwealth's offer], 15 to 30 years on a contract killing[ because, i]f he's found guilty, he's looking at life in prison without parole." N.T. PCRA Hearing, 8/12/19, at 35-36. Thus, Delarosa cannot establish that counsel lacked a reasonable basis for advising Delarosa to accept the Commonwealth's offer; this recommendation was within the range of competence demanded from attorneys in criminal cases. ***Koehler***, *supra*; ***Pier***, *supra*. Accordingly, we reject the notion that Delarosa's plea was entered into involuntarily, unknowingly, or unintelligently.

We now turn to the remainder of Delarosa's claims, which also implicate the effectiveness of counsel.

First, Delarosa claims that plea counsel "failed when he presented himself in front of [Delarosa] without the assistance of an interpreter. . . . Counsel never utilized the services of an interpreter in the jail." N.T. PCRA

Hearing, 8/12/19, at 12; **Anders** Brief, at 12. Because Delarosa cannot show that he was prejudiced by counsel's actions, his first claim fails. **Koehler**, **supra** at 132; **see also Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015) (to satisfy prejudice element of ineffective assistance of counsel claim, appellant must show that reasonable probability that, but for counsel's error, result of proceeding would have been different).

At the PCRA hearing, plea counsel testified that he met with Delarosa "a number of times" and "[n]ever needed an interpreter." N.T. PCRA Hearing, 8/12/19, at 34.[11] He maintained that an interpreter was unnecessary because counsel "never had a communication problem" with Delarosa. **Id.** Indeed, throughout the proceedings, Delarosa never claimed that he was confused about pleading guilty; he stated unequivocally that plea counsel "explained everything to [him]" and had answered "all [of his] questions." N.T. Guilty Plea Hearing, 1/22/18, at 8-11. At the guilty plea hearing, the Commonwealth read the allegations of fact that formed the basis of the negotiated guilty plea. The court then asked Delarosa whether he listened and whether he was entering the plea because he was, in fact, guilty. **Id.** at 20-22. Delarosa confirmed that he heard and understood the recitation of facts and wished to enter a negotiated plea because he was guilty. **Id.** at 22.

---

[11] Nevertheless, in an abundance of caution, Delarosa was provided an interpreter each time he appeared before the court.

Based on the foregoing, Delarosa cannot show a reasonable probability that, but for counsel's failure to obtain an interpreter for their pretrial meetings in jail, the results of the proceeding would have been different. Thus, this claim fails. **Mason**, **supra**.

Delarosa next claims that plea counsel was ineffective for failing to investigate an extradition agreement between the United States and Dominican Republic. This claim is belied by the record and, thus, without merit.

Instantly, the record shows that despite Delarosa's assertion, plea counsel investigated the extradition agreement and leveraged it to reduce Delarosa's negotiated sentence. At the PCRA hearing, counsel testified that the Commonwealth's initial offer in exchange for Delarosa's guilty plea was a period of twenty-five to fifty years' imprisonment. N.T. PCRA Hearing, 8/22/19, at 33. After Delarosa informed counsel that, under the terms of the extradition agreement, his maximum sentence could not exceed thirty years, counsel conducted further investigation and obtained a copy of the agreement. **Id.** Counsel reviewed the extradition agreement with Delarosa and thereafter with the Commonwealth. **Id.** at 33-34. As a result of counsel's investigation, the Commonwealth changed its offer to a period of fifteen to thirty years' imprisonment, which Delarosa ultimately accepted. **Id.**

Accordingly, the record demonstrates that plea counsel did not fail to investigate the extradition agreement. Because Delarosa's claim lacks arguable merit, this claim fails. *Koehler*, *supra*.

Delarosa next argues that plea counsel was ineffective for not requesting an evaluation by a psychiatric expert before he pled guilty. This claim, too, lacks arguable merit.

To establish counsel's ineffectiveness for failing to call an expert witness, a petitioner must plead and prove that an expert witness was willing and available to testify on the subject of the testimony, that counsel knew or should have known about the witness, and that the petitioner was prejudiced by the absence of the testimony. *Commonwealth v. Williams*, 141 A.3d 440, 460 (Pa. 2016). Prejudice requires the petitioner to show how the uncalled witness' testimony would have been beneficial under the circumstances of the case. *Id.*

Here, Delarosa fails to identify a witness that was willing and available to testify regarding his allegedly infirm mental health. He has not submitted any documentation of, nor does he make claims about, a history of mental illness. Plea counsel, who met with Delarosa on several occasions, explained that "[based on his] interaction[s] with [Delarosa, he] didn't feel [a mental health evaluation] was necessary." N.T. PCRA Hearing, 8/12/19, at 38. In fact, during the oral plea colloquy, the court asked Delarosa if he suffered from any mental health issues, and Delarosa testified unequivocally that he

did not. N.T. Guilty Plea Hearing, 1/22/18, at 13.[12] Accordingly, his claim that counsel was ineffective for failing to request a psychiatric evaluation cannot succeed. *Koehler*, *supra*; *see also Commonwealth v. Vesay*, 464 A.2d 1363, 1368 (Pa. Super. 1983) (defendant must honestly answer all questions at time of guilty plea); *Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999) (defendant may not assert grounds for withdrawing guilty plea that contradict statements made when pleading guilty).

Next, Delarosa alleges plea counsel was ineffective for failing to "raise an objection when[] the [c]ourt imposed a[n unlawful] mandatory minimum

_____

[12] The exchange proceeded as follows:

> [The Court]: Now, I asked you last week, but I have to ask you again, about whether you were suffering from any mental health issues.
>
> [Delarosa]: No.
>
> [The Court]: So there's nothing preventing you from making a knowing, intelligent, and voluntary decision today?
>
> [Delarosa]: Correct.
>
> [The Court]: So you are doing this of your own free will?
>
> [Delarosa]: Yes.

N.T. Guilty Plea Hearing, 1/22/18, at 13; *see also* N.T. Guilty Plea Hearing, 1/18/18, at 12-13 (When asked whether he understood nature and charges against him, factual basis for plea, his right to trial by jury, the presumption of his innocence, the permissible ranges of sentences, and that judge is not bound by Commonwealth's offer if he rejected it, Delarosa answered "Yes." When asked whether he was taking any medication that would interfere with his ability to understand, Delarosa answered "No.").

[sentence]" under **Allenye v. United States**, 133 S. Ct. 2151 (2013). N.T. PCRA Hearing, 8/12/19, at 19-20; **Anders** Brief, at 18. This claim is without merit, as the court did not impose such a sentence.

In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. **See also Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (en banc), (Court concluded **Alleyne** rendered mandatory minimum sentencing provision at 42 Pa.C.S.A. § 9712.1 unconstitutional because "it permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard); **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015) (Court determined mandatory minimum sentencing statue, 18 Pa.C.S.A. § 6317, was also unconstitutional under **Alleyne** where "numerous provisions of [§] 6317 [were] constitutionally infirm [and] remaining provisions . . ., standing alone, [were] incomplete and [were] incapable of being vindicated in accord with the intent of the General Assembly.").

Here, Delarosa's sentence of fifteen to thirty years' incarceration was imposed pursuant to a negotiated plea agreement following a full colloquy. The instant record makes clear that the trial court did not impose a mandatory minimum sentence; instead, it imposed the sentence that Delarosa himself negotiated. **See** N.T Sentencing, 2/20/18, at 22 ("I am imposing that

sentence [of fifteen to thirty years' incarceration] that I just referred to that you negotiated."). In fact, the sentencing order specifically indicates that no mandatory sentence was imposed. **See** Order of Sentencing, 2/20/18, at 3. Because the trial court did not impose a statutory mandatory minimum sentence in violation of **Alleyne**, Delarosa's ineffectiveness claim based on counsel's failure to object to an unlawful sentence is without merit and, accordingly, fails. **Koehler**, **supra**.

Lastly, Delarosa alleges plea counsel was ineffective for failing to take the following actions: (1) moving to quash Delarosa's indictment on the basis that his name was incorrect; (2) impeaching Commonwealth witnesses Rivera and Padilla using prior bad acts; and (3) moving to suppress statements made by Rivera, Padilla, and Delarosa's wife. Each of these claims is devoid of arguable merit.

During the oral guilty plea colloquy, Delarosa acknowledged the fact that he was giving up his right to litigate pretrial motions, including the motion for quashal and "any suppression motions." N.T. Guilty Plea Hearing, 1/22/18, at 19. Furthermore, as discussed above, Delarosa knowingly, voluntarily, and intelligently waived his right to a trial at which he could have impeached the Commonwealth's witnesses. Therefore, these claims of counsel's ineffectiveness warrant no relief. **Koehler**, **supra**.

In short, Delarosa has failed to establish the involuntariness of his guilty plea or the ineffectiveness of plea counsel. Accordingly, the PCRA court properly denied relief.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/20